Mary Madigan, as Administratrix of the Estate of Patrick Madigan, Deceased, *v.* Oceanic Steam Navigation Company, Limited, Appellant, Impleaded with Another.

Negligence — When Foreman Is Not the Alter Ego of the Master. An employer is not liable to a stevedore working in the hold of a vessel until quite dark for an injury caused by the neglect of a foreman to light lamps which the employer had provided and which it was the foreman's duty to light, inasmuch as such act cannot be considered as within the personal duty of the employer, the performance of which he delegated to the foreman, but is to be regarded as within the line of a mere servant's duty and as a detail of the work in which the employees were all engaged and with respect to which they and the foreman were fellow-servants.

*Madigan* v. *Oceanic Steam Navigation Co.*, 82 App. Div. 206, reversed.

(Argued March 25, 1904; decided April 26, 1904.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April

17, 1903, which reversed an order of a Trial Term setting aside a verdict in favor of plaintiff and granting a new trial and directed judgment on the verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Everett P. Wheeler* and *Clarence Bishop Smith* for appellant. The evidence was uncontradicted that the defendant had done everything in its power to furnish lights. It had provided them. They were in the steamer alongside, and were in charge of a competent man, who, in exercising his judgment, did not think it proper to put them on the barge. If there was negligence on his part, it was negligence of a fellow-servant of deceased, for which defendant was not liable. (*Kimmer* v. *Weber*, 151 N. Y. 417; *Crispin* v. *Babbitt*, 81 N. Y. 516; *McCosker* v. *L. I. R. R. Co.*, 84 N. Y. 77; *Loughlin* v. *State of N. Y.*, 105 N. Y. 159; *Cullen* v. *Norton*, 126 N. Y. 1; *Brickwer* v. *R. R. Co.*, 2 Lans. 506; *Maltbie* v. *Belden*, 167 N. Y. 307; *Simpson* v. *C. V. R. R. Co.*, 5 App. Div. 614; *Warner* v. *E. Ry. Co.*, 39 N. Y. 468; *Brick* v. *R.*, etc., *Ry. Co.*, 98 N. Y. 211.) Plaintiff's intestate assumed any risk of accident which might be caused by darkness. (*Maltbie* v. *Belden*, 167 N. Y. 307; *Spencer* v. *Worthington*, 44 App. Div. 596; *Rice* v. *E. P. Co.*, 174 N. Y. 385.)

*Richard T. Greene* for respondent. The defendant is responsible for its negligent failure to supply the workplace with lights. (*Simone* v. *Kirk*, 173 N. Y. 7; *Pantzar* v. *T. F. I. M. Co.*, 99 N. Y. 368; *Bushby* v. *N. Y., L. E. & W. R. R. Co.*, 107 N.Y. 374; *Crispin* v. *Babbitt*, 81 N. Y. 516; *Benzing* v. *Steinway*, 101 N. Y. 547.) Plaintiff's intestate was not, as a matter of law, guilty of contributory negligence, and he did not assume any risk of accident which might have been caused by darkness. (*McGovern* v. *C. V. R. R. Co.*, 123 N. Y. 280; *Cone* v. *D., L. & W. R. R. Co.*, 81 N. Y. 206; *Eldridge* v. *A. R. R. Co.*, 134 N. Y. 187; *Kain* v. *Smith*, 89 N. Y. 375.)

GRAY, J. The plaintiff's husband was employed by the defendant as one of a gang of .stevedores and, while engaged upon the work of transferring coal from a barge into the steamship " Oceanic," he was killed. The plaintiff has sued to recover damages for his death ; charging that it was caused through the negligence of the defendant. The plaintiff obtained a verdict in her favor ; but the trial court set it aside and ordered a new trial. The Appellate Division, reviewing this order upon an appeal, reversed it and directed judgment to be entered for the plaintiff, in accordance with the verdict rendered. In that determination, the court was not unanimous and, upon this appeal by the defendant, the sole question, actually, is whether it had fulfilled its whole duty to its employé ; with respect to providing a safe place for him in which to do his work. It was, and is, charged by the plaintiff that the defendant was negligent in the failure to supply lamps, or lights, to illuminate the interior of the coal barge, where the deceased was stationed' upon the occasion in question. That omission, as it appears from the opinion of the majority of the Appellate Division justices, was regarded as having been the cause of the accident and because the coal foreman of the defendant was in charge of the work and represented the latter in that respect, his negligence in failing to provide the lights was to be attributed to the general employer.

The facts may be briefly stated. The coal barge lay between the steamship and the wharf, and a number of stevedores, of whom the deceased was one, were in the hold of the barge, engaged in shoveling coal into buckets, which were let down into the hold at the end of a rope, or " fall." When they were filled, they would be hoisted out and up the side of the steamship. The captain of the barge stood upon the barge's deck and, by the use of a guy rope attached to the "fall," he was able to control the rise of a bucket from, or its descent into, the hold. The importance of this was in the necessity of preventing the buckets from swinging to and fro and against the side of the vessel. Upon this occasion, work was commenced in the middle of the day and was continued until

after sunset, when the hold had become darkened.   McDonald was the defendant's coal foreman, who employed and directed the other stevedores, and it came within his duties to get out lamps, whenever the darkness made them necessary. He did not do so at this time, as he testified, because he "did not think it necessary." A bucket, which had been filled with coal on the side of the hold furthest away from the steamship, was being hoisted, when, from the failure of the barge's captain to properly secure the guy rope, it swung violently over and towards the steamship; striking the head of the deceased against a bolt, projecting from the barge's side, and killing him.   The barge's captain testified that it was too dark to enable him to see into the hold and that he did not know the coal bucket was hooked on.   As the case was submitted to the jury, it is clear that the verdict must have been reached upon the theory that the defendant was liable for the foreman's neglect to supply the lights.

It was not disputed that the defendant had provided lamps, sufficient and quite available to the foreman for the men's use. They were in sheds on the wharf, and, also, upon the steamship, and if they were not used upon this occasion, it was, simply, because, in the foreman's judgment, they were not required.   I cannot agree with the court below that the omission, or neglect, of this foreman was chargeable to the defendant.   That he was so far the *alter ego* of the master, as to make the latter responsible for any failure to furnish a safe place to work in, or safe appliances to work with, may be readily admitted; but if, as to some detail of the undertaking, he was actually doing the work devolving upon a servant, the others took the risk of their fellow-servant's performance. The defendant was not at fault in any of those general respects, in which an employer is regarded as under obligations towards those whom he employs to work for him. The hold of the barge was a safe enough place to work in; the foreman was competent and no complaint is made as to the machinery, or appliances, used in the work.   Whether a master shall be held to be liable, when the negligent

act, or omission to act, was that of one of his serv-
ants, depends usually, if not, indeed, always, upon the charac-
ter of the act. That is to say, if the specific act is one, the
doing of which can be, properly and justly, regarded as
within the personal duties of the master, whose performance
he has delegated to another, and not some act within the line
of a mere servant's duty, then the master is properly charge-
able with the results of a negligent performance, or omission.
When McDonald, the defendant's coal foreman, in the exer-
cise of his judgment, omitted to get the lamps for the
stevedores, which the defendant had been careful to provide,
I think that it was the omission of a duty resting on the fore-
man as a fellow-servant, having that detail in charge. It was,
either, for him to judge when the lamps were needed, or it
was for the others to demand them, if the place had become
too dark to remain in at work. There is no evidence of their
having made any request of the foreman; so that, if the con-
ditions had become so changed as to render continuance in
their work dangerous, they all erred in their judgment. As
it was said in *Kimmer* v. *Weber*, (151 N. Y. 417), where it
was a question of sufficiently safe scaffolding, put up under
the instructions of a foreman by the workmen, "it was, at
most, but an error of judgment on the part of the foreman
with respect to a detail of the work, in which the masons —
(in that case) — were engaged. He concluded, as the work-
men themselves did, that the place was safe and, in determin-
ing that question, they were all co-servants." In *Crispin* v.
*Babbitt*, (81 N. Y. 516), the plaintiff, a laborer, was injured,
while engaged with others in lifting the fly wheel off of an
engine. The defendant, in that case, had intrusted the con-
duct of his business to a general manager and he, upon the
occasion in question, carelessly started the engine. It was
held that, notwithstanding his position, he was not, in what he
did, acting in the defendant's place. It was observed, in the
opinion, that "a superintendent of a factory, although having
power to employ men, or represent the master in other
respects, is, in the management of the machinery, a fellow

servant of the other operatives." In *Geoghegan* v. *Atlas Steamship Company*, (146 N. Y. 369), where it was claimed that the deceased had come to his death by reason of certain gangway doors in the side of the vessel having been carelessly left open, through which he had fallen, we held that the defendant was not liable for the failure of the officer, whose duty it was to close the doors, and that the negligence, which led to the result, was that of a co-servant. These cases, and others which might be cited, rest upon the principle that the liability of the master does not depend upon the grade, or the rank, of the servant, who represents him in the superintendence of the others in his employment, but the act, which causes, or results in, an injury, in the course of the work, must be of a character, which the master, as such, should perform, and not one, which would be expected of a servant, as such.

Here, the defendant provided a supply of lamps for its servants and they could, and should, have taken and used them, when they were required. To get them was a mere detail of the work, which it was the foreman's duty, as one of a number of servants engaged in a common task, to execute.

I advise the reversal of the order of the Appellate Division and that a new trial be had; with costs to abide the event.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, CULLEN, JJ. (and MARTIN, J., in result), concur.

Order reversed, etc.