EARLE v. CLYDE S. S. CO.

(Supreme Court, Appellate Division, First Department.   March 24, 1905.)

1. MASTER—INJURY TO SERVANT—NEGLIGENCE OF FELLOW SERVANT.

Where a servant was killed by falling through the hatchway of a ship he was unloading, the master was not liable because of the absence of the covering which had been placed thereon by deceased and his fellow servants, and during his temporary absence removed by his fellow servants without his knowledge.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 352.]

2. SAME—INSUFFICIENT LIGHT—ASSUMPTION OF RISK.

Where a sufficient number of lamps and a sufficient quantity of oil were furnished by the master, which were accessible to its employés, they assumed the risk of working by an insufficient light produced by one lamp, the chimney of which was in a dirty condition.

Appeal from Trial Term, New York County.

Action by Julia Earle, administratrix of the estate of Patrick Donohue, deceased, against the Clyde Steamship Company. From a judgment for plaintiff and an order denying a motion for a new trial (89 N. Y. Supp. 500), defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

George Gordon Battle, for appellant.
S. Livingston Samuels, for respondent.

McLAUGHLIN, J. Action to recover damages for death of plaintiff's intestate, alleged to have been caused by defendant's negligence. At the time of the accident the intestate, with others, was engaged in unloading a vessel belonging to the defendant. The vessel had three decks, and below the lower one was the hold. On the evening of the accident intestate was put at work on the lower deck unloading rice, and there he continued, with the witness, Barrett, until between 11 and 12 o'clock, when he was directed to unload lumber from the same deck. On this deck was a hatchway, which was so securely covered there was no possibility of falling into it as long as the cover remained on. The covering was put on by the intestate, Barrett, and another co-worker. After the hatchway had been covered, the intestate was ordered to go up on the upper deck and do some work there, which he did, and after remaining a short time he again went back to the lower deck, and commenced removing the lumber. While he was absent and at work on the upper deck, his co-workers experienced difficulty in passing the lumber up by reason of the distance between the decks, and it was suggested by some or all of them that a step be made upon which they could stand. The suggestion was acted upon by taking the covering from the hatchway and building of it and other lumber a step or platform. This was the situation when the intestate returned from the upper deck, and he had no information that the covering of the hatchway had been removed. He again commenced to remove lumber, and a short time thereafter stepped into

the hatchway, fell to the hold below, and was killed. It appeared that the place was lighted by one lamp, which stood on a pile of lumber near by; that the chimney of the lamp was dirty, and by reason thereof the light was very poor. It also appeared there was a sufficient number of lamps and a sufficient quantity of oil within easy access if more light were necessary. The learned trial justice sent the case to the jury with instructions to determine whether the place was reasonably well lighted, and, if they found it was not, or was unsafe and dangerous by reason of an improper light, then they might find a verdict for the plaintiff. Exception was taken to such instructions by the defendant. Plaintiff had a verdict of $2,000.

I think the judgment appealed from must be reversed. First. The cause of the accident was the removal of the covering of the hatchway, and this was the negligence of a co-servant. The place, in the first instance, was reasonably safe in which to work, and it was made unsafe by the intestate's co-servants, without authority or permission of the master, removing the covering in order that they might more easily perform the work assigned to them. The master was not bound to anticipate that that which he had made safe would be made unsafe by reason of the negligence of his employés. He is bound, in the first instance, to employ competent servants, and if he does that he has a right to rely upon the presumption that they will perform their duty in a proper way. Here the place furnished for the intestate was reasonably safe. It was rendered unsafe, not because the defendant did not furnish a sufficient light, but because of the negligence of a co-servant in taking off the covering to the hatchway. The absence of sufficient light was not the proximate cause of the accident.

Second. The fact is uncontradicted that the defendant furnished a sufficient number of lamps and a sufficient quantity of oil; also that these were accessible to the intestate and his co-workers. If there was not sufficient light, all they had to do was to get more lamps. Defendant had therefore performed its duty when it furnished sufficient lamps and oil to light the place, and, if it were not light enough, by neglecting to use the appliances furnished, the intestate assumed the risk of working in the dark. Kaare v. The Troy Steel & Iron Co., 139. N. Y. 369, 34 N. E. 901; Madigan v. Oceanic Steam Navigation Co., 178 N. Y. 242, 70 N. E. 785.

In the first case cited plaintiff was injured on account of a depression in one of the planks in a platform on which he was working, and it was claimed sufficient light had not been furnished. It was said:

"But the answer to this ground of negligence is that plenty of torches were furnished the workmen for use in lighting the platform, and if they did not use them, and thus the platform was not sufficiently light, it was their own fault. The defendant discharged its duty by furnishing sufficient torches, and, if they were not used, or if they were not properly placed, the fault cannot be charged to it."

In Madigan v. Oceanic Steam Navigation Co., supra, an employé was injured while at work in the hold of a vessel, and it was claim-

ed that such injury was caused by the neglect of the defendant to furnish lamps. It was said:

"It was not disputed that the defendant had provided lamps sufficient and quite available to the foreman for the men's use. They were in sheds on the wharf, and also upon the steamship, and, if they were not used upon this occasion, it was simply because, in the foreman's judgment, they were not required. I cannot agree with the court below that the omission or neglect of this foreman was chargeable to the defendant."

Here, as already said, a sufficient number of lamps had been provided, and if they were not used it was the fault of the servants, and not the master.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.