### CORRIGAN v. OCEANIC STEAM NAVIGATION CO.

(Supreme Court, Appellate Term.  May 23, 1905.)

MASTER—INJURY TO SERVANT—UNSAFE PLACE TO WORK—LIABILITY.

Where plaintiff was employed in loading coal into a steamship from a barge lying alongside, and was scalded by a stream of hot water discharged from an unguarded opening in the side of the ship, the master was not relieved from liability for failure to furnish plaintiff a safe place in which to work merely because shields for the opening were accessible to plaintiff's foreman, nor because plaintiff had been employed on the same work and knew that hot water was occasionally discharged from the steamship into the barge.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Owen Corrigan against the Oceanic Steam Navigation Company.  From a judgment in favor of plaintiff, defendant appeals.  Affirmed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Robinson, Biddle & Ward (Charles M. Hough and Norman B. Beecher, of counsel), for appellant.

Frank A. Acer (John C. Hollunback, of counsel), for respondent.

SCOTT, P. J.  The plaintiff was one of a gang of men employed in loading coal into defendant's steamer from a barge lying alongside, plaintiff being on the barge.  While thus employed, with his back turned to the ship, a small stream of hot water was discharged from a hole or round opening in the side of the steamship, and struck plaintiff's leg, severely scalding it.  The opening through which the water was emitted was unguarded, although the defendant had provided canvas shields which were accessible to the foreman directing the gang in which plaintiff was employed.  Plaintiff had frequently been employed upon this same work, and knew that hot water was occasionally discharged from the steamship into the barge.

The defendant places its main reliance upon Madigan v. Oceanic Steam Navigation Company, 178 N. Y. 242, 70 N. E. 785.  In that case the plaintiff's intestate, also working on a coal barge alongside a steamer, was killed because the place in which he worked was insufficiently lighted.  It appeared that the defendant had provided a sufficient number of lanterns which could have been used by the gang foreman, but which were not used because he considered it unnecessary to do so.  The Court of Appeals considered that the lighting and placing of the lanterns was a detail of the work upon which both the deceased and the foreman were engaged, and

that as to that work the foreman and deceased were fellow servants. The general rule respecting the responsibility of a master, where one employé is injured through the negligence of another, was thus stated:

"Whether a master shall be held to be liable when the negligent act or omission to act was that of one of his servants depends usually, if not indeed always, upon the character of the act. That is to say, if the specific act is one, the doing of which can be properly and justly regarded as within the personal duties of the master, whose performance he has delegated to another, and not some act within the mere line of a servant's duty, then the master is properly chargeable with the results of a negligent performance or omission."

Among personal duties of a master is that he shall furnish his employé a safe place to work in, and of the same person who was foreman in the present case the court said:

"That he was so far the alter ego of the master as to make the latter responsible for any failure to furr"h a safe place to work in, or safe appliances to work with, may be readily admitted."

The occasional and intermittent ejection of hot water from the steamship was no part or detail of the work on which plaintiff was engaged, and had no relation to it whatever. So long as these emissions took place directly into the barge (and it appears to have been no uncommon occurrence), the barge was not a safe place to work in, and yet the danger was not one in any way incident to plaintiff's employment. To have rendered the barge a safe place to work in, so far as concerns this particular peril, proper precautions should have been taken to prevent or divert the outrush of water, and this precaution it was the personal duty of the defendant to have taken. The questions put to defendant's foreman, called by plaintiff, as to what would or would not have been prudent, were objectionable, but his answers tended to aid rather than injure the defendant's case. No substantial error was made in the charge.

Judgment affirmed, with costs. All concur.