WILLIAM WOOTTON, Respondent, *v.* FLATBUSH GAS COMPANY, Appellant.

*Negligence — an employee engaged in a manhole in a city street, injured by a wooden horse, used to warn travelers, falling upon him — failure of a foreman to fulfill his promise to stand guard at the manhole.*

In an action brought to recover damages for personal injuries sustained by the plaintiff, an employee of the defendent, while at work splicing wire cables in a manhole two and a half to three feet deep located in a city street, in consequence of being struck by a wooden horse which had been placed near the manhole as a warning to travelers and which, according to the plaintiff's theory, was disturbed by a passing vehicle, it appeared that the plaintiff entered upon the work with a full knowledge of the situation and in reliance upon the promise of the defendant's foreman to stand on guard at the manhole; that at the time of the accident the foreman was absent, but that the plaintiff was unaware of his absence. There was no proof that the foreman was an incompetent servant or that he was called away either by the defendant or to perform other duties required of him by the defendant.

*Held,* that when the foreman undertook to remain at the manhole, and thus avert dangers which might arise to the plaintiff in consequence of the acts of persons passing along the street, he acted as a fellow-servant and that the defendant was not liable for his negligence in leaving his post.

APPEAL by the defendant, the Flatbush Gas Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 8th day of April, 1904, upon the verdict of a jury for $950, and also from an order entered in said clerk's office on the 12th day of April, 1904, denying the defendant's motion for a new trial made upon the minutes.

*Edwin A. Jones* [*Harford T. Marshall* with him on the brief], for the appellant.

*Edmund C. Viemeister*, for the respondent.

JENKS, J.:

This is an action by servant against master for negligence in affording a place to work. The servant was at work splicing wire cables in a manhole two and a half to three feet deep in a city street. He was kneeling so that his head was two or three inches below the surface of the street, and his task kept his eyes upon the cable. While thus at work he was struck by the fall of a wooden horse which had been placed near the manhole as a warning to travelers. The theory of the plaintiff is that the horse was disturbed by a passing vehicle, but this is supported by inference, not by direct testimony.

The evidence is clear that the plaintiff entered upon the work at this place with full knowledge of the situation, of the perils due to the use of the street by others, and that he was satisfied so long as Nichols, the foreman of the gang, remained on guard at this place so that "nobody ran in on" him in the manhole. Nichols undertook to guard the hole, and stood there for a time. The plaintiff continued his labor in reliance on Nichols' presence at his post. At the time of the accident Nichols, unknown to the plaintiff, was absent. This absence is the negligence imputed. Thus the learned counsel writes in his points: "There was no danger if the foreman had not had other duties imposed upon him which called him away and diverted his attention from guarding the danger point." There is no proof which shows or tends to show that Nichols was called away either by the defendant or by the necessary discharge of other duties required of him by the defendant. There is no proof that Nichols was an incompetent servant, so as to charge the master with this default. I think that when he undertook to remain at this place to give warning to others passing along the street, and thus to avert dangers which might arise to the plaintiff during the progress of his work in consequence of the acts of outsiders, he acted as a fellow-servant. The case is like unto *Ryan v. Third Avenue Railroad Co.* (92 App. Div. 306). In that case HATCH, J., collates many of the authorities in his opinion, and there

is no need to array them again. (See, also, *Riola* v. *N. Y. C. & H. R. R. R. Co.*, 97 App. Div. 252; *Koszlowski* v. *American Locomotive Co.*, 96 id. 40; *McHugh* v. *Manhattan Railway Co.*, 179 N. Y. 378, especially at page 383.) The learned counsel for the appellant seeks to discriminate *Ryan's Case* (*supra*) by the difference in the grade of the foremen in the two cases. But there was no substantial difference, and, moreover, in *Madigan* v. *Oceanic Steam Navigation Co.* (178 N. Y. 242) it is held that the grade is not the test, but the act.

The judgment and order should be reversed and a new trial be granted.

HIRSCHBERG, P. J., WOODWARD, RICH and MILLER, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.