PIETRO DEPIRRO, as Administrator of the Estate of ANDREA M. DEPIRRO, Deceased, Respondent, *v.* JOHN N. ROBINS COMPANY, Appellant.

*Master and servant — negligence — master not liable for death of employee when he has furnished appliances which employee has neglected to use.*

Decedent was killed by falling through a hatch in the deck of a vessel on which he was engaged as an employee of the defendant. Upon the dock of defendant, at which the vessel was lying, was a storehouse in which were lamps for use by the workmen and which were issued to them upon their request. The defendant, in an action by his administrator to recover for the death, requested the court to charge "that the defendant was not obliged to place lamps on the deck of this vessel on this occasion, but was only obliged to furnish lamps that could have been used by the decedent if he wanted them, and if the defendant furnished a sufficient number of lamps it was not liable if the decedent or his fellow workmen failed to use them." *Held*, that the request should have been complied with.

*Depirro* v. *Robins Co.*, 148 App. Div. 923, reversed.

(Argued December 9, 1913; decided December 30, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 19, 1912, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward P. Mowton* for appellant. The trial court erred in refusing to charge the jury as requested by defendant's counsel. (*King* v. *Ford*, 121 App. Div. 404.)

*Jesse Fuller, Jr.*, and *Anthony F. Tuozzo* for respondent. The court did not err in refusing to charge defendant's request. (*Devanney* v. *Degnon Const. Co.*, 76 App. Div. 62; 178 N. Y. 620; *Martin* v. *Walker*, 122 App. Div. 280.)

COLLIN, J. The action is at common law to recover the damages for the alleged negligence of defendant causing the death of plaintiff's intestate. He was killed by falling through a hatch in the deck of a vessel, which was at the dock of the defendant for repairs. He was engaged, as an employee of the defendant, in heating rivets at a portable forge placed by his fellow-workmen between two opposite hatches in the deck. He was last seen alive about five minutes after six o'clock in the afternoon of December 27, 1907, at or near his forge. Ten to fifteen minutes afterward he was found dead at the bottom of the vessel. He had fallen through one of the hatches adjacent to his forge. No evidence was introduced in regard to the manner of his falling.

At the trial, after the parties had rested, the defendant moved for the dismissal of the complaint upon the ground, among others, that the plaintiff had failed to show that the negligence of the defendant caused the death of the intestate. The trial judge denied the motion, and submitted the case to the jury, charging the undoubted rule that the employer shall furnish and by reasonable inspection maintain for his employees a reasonably safe place in which to work and that the jury should determine whether or not the defendant had failed to keep the rule in any of the particulars: (1) In permitting the hatches to be unguarded; (2) in permitting the deck to be without lamps or lights; (3) in permitting the part of the deck around the hatches to have upon it oil brought from the tanks upon the shoes of the workmen.

While there may be serious doubt on this record whether the facts and the reasonable inferences present an issue of fact as to the negligence of the defendant, we do not determine that question, inasmuch as a new trial must be ordered because the trial judge erred in declining to charge a request of the defendant.

The defendant requested the court to charge " that the defendant was not obliged to place lamps on the deck of this vessel on this occasion, but was only obliged to furnish lamps that could. have been used by the decedent if he wanted them, and if the defendant furnished a sufficient number of lamps it was not liable if the decedent or his fellow workmen failed to use them."

The jury might reasonably have found as facts:

The vessel was divided from its deck to its bottom into fourteen oil tanks or compartments, to each of which a hatch afforded access. Upon it were seventy-five or more workmen, some of whom were caulking, some riveting, some drilling, some cleaning out the tanks and some cleaning up the deck. Fifty or more of them, who were at work in the oil tanks, had lamps. Upon the deck were the forges for heating the rivets, but no lamps. Upon the dock of defendant was a storehouse in which were several kinds of lamps for use by the workmen and which were issued to them upon their request. The evidence reasonably permits the inference that the decedent knew that he could have procured a lamp from the supply provided by the defendant by his mere request to the storekeeper. The request to charge under discussion should have been complied with. (*Madigan* v. *Oceanic Steam Nav. Co.*, 178 N. Y. 242; *Kaare* v. *Troy Steel & Iron Co.*, 139 N. Y. 369.)

The judgment should be reversed and a new trial granted, costs to abide the event.

CULLEN, Ch. J., WERNER, HISCOCK, CHASE, CUDDE-BACK and HOGAN, JJ., concur.

Judgment reversed, etc.