GIUSEPPE NANFRA, Respondent, *v.* HOLBROOK, CABOT & ROLLINS CORPORATION, Appellant.

First Department, January 26, 1917.

**Master and servant — negligence — injury during tunnel construction — action at common law — negligence of fellow-servant — failure of "mucking" foreman to remove loosened rock.**

A person employed in tunnel construction and styled a "mucking" foreman, whose only duty is to remove broken rock which has fallen from a tunnel after a blast has been exploded, is not the *alter ego* of the master, but is the fellow-servant of those employed under him.

Hence, where a member of the foreman's gang was injured by a rock which, having been loosened by a prior explosion, fell from the roof of the tunnel, there can be no recovery in an action brought solely at common law where the only negligence charged is that of said foreman in failing to remove the rock which had been called to his attention.

APPEAL by the defendant, Holbrook, Cabot & Rollins Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of May, 1916, upon the verdict of a jury for $500, and also from an order entered in said clerk's

office on the 4th day of May, 1916, denying defendant's motion for a new trial made upon the minutes.

*Benjamin Patterson,* for the appellant.

*Hobart S. Bird,* for the respondent.

SCOTT, J.:

Plaintiff sues for and has recovered damages for injuries received by him while at work in a tunnel under construction by the defendant. The fact of the injury and the reasonableness of the verdict are not disputed, the only question being as to the liability of defendant.

The plaintiff was a member of what is called a "mucking" gang, being a gang of workmen whose duty it is to clear up and remove the broken rock which has fallen after a blast has been exploded. They had no other duties to perform, and were under the direction of a "mucking" foreman who is spoken of in the testimony as "Frank."

The plaintiff himself was able to give but little evidence as to how the accident happened, his principal witness being a coworkman named Ferlese. The latter had not seen the accident, since he was a member of a gang which worked in a different shift, but he testified that the tunnel was being blasted through solid rock, and that after each blast the roof and sides of the tunnel were left rough, with pieces of rock protruding. He testified that for two or three days before the accident he had noticed a certain piece of rock thus protruding from the roof of the tunnel; that it appeared to have a crack around it which widened from day to day, and that he and another man had on one occasion attempted to pry it off with crowbars but had been stopped by the mucking boss, Frank, who told them to go on with their regular work. He said that after the accident he noticed that the piece of rock no longer protruded and it was assumed, although perhaps not very clearly proven, that it was the fall of this rock which had injured the plaintiff. Passing that point the question remains whether any negligence was shown on the part of the defendant. The action was tried as one based on the common-law liability of the defendant, the proof necessary to bring it under the Employers'

Liability Act not being made, and the sole claim of negligence was predicated upon the notice to the mucker foreman, Frank, of the condition of the rock, and his inaction with regard thereto. It appeared that in the organization of its work the defendant provided what are described as "scalers" whose duty it was to examine the tunnel after each blast and to remove pieces of rock which had become loosened, but had not fallen and which might prove dangerous. There were also engineers and superintendents who examined the tunnel frequently looking for just such dangerous pieces of rock as that testified to in plaintiff's behalf. None of these had discovered this particular piece of rock and the attention of none of them had been called to it. The trial justice read to the jury an extract from the opinion of the Court of Appeals in *Henry* v. *Hudson & Manhattan R. R. Co.* (201 N. Y. 140), as follows: "While it is true that the master is not liable to one servant for the negligence of another when he conducts the work in a proper manner and prescribes proper rules for its performance, yet when he knows that one set of servants have so negligently done their work as to occasion danger to a fellow-servant, it is his duty to interpose and take reasonable means to see that the rules are complied with, the work properly done and the danger removed," and stated that plaintiff's case rested upon the rule there enunciated. He then charged the jury that in order to justify a verdict for the plaintiff, it must be found that the foreman to whose attention it was claimed that the dangerous condition of the rock was called (meaning Frank, the foreman of the muckers) "was what we call the *alter ego* of the defendant, representing him and was, in effect, the defendant." It was not explained to the jury what was meant by the words *alter ego*, and it may well be doubted whether they were sufficiently conversant with the Latin language to correctly appreciate its meaning. But whether they did or not, it is quite clear that the foreman Frank was not what is known as the *alter ego* or vice-principal of the defendant. He was merely the foreman of a gang of workmen engaged in cleaning up the tunnel after a blast, a work requiring no technical skill. It is well settled that a mere foreman, not the head of a department, but subordinate

to other employees, is not a vice-principal, but merely a fellow-servant of the men working under him, save as to the duties which the master cannot delegate, of which there is no question in this case. · (*Madigan* v. *Oceanic Steam Nav. Co.,* 178 N. Y. 242; *Dair* v. *N. Y. & P. R. Steamship Co.,* 204 id. 341, 346.) The case upon which plaintiff relies and from which the trial justice quoted is quite unlike the present. There the person whose negligence was imputed to the master was the general superintendent of the work, the direct representative of the master. Since the only negligence charged in the present case is that of the foreman of the gang of muckers, who clearly was not the vice-principal, or as the trial court put it, the *alter ego* of defendant, the plaintiff established no cause of action against defendant, and the motion for a dismissal of the complaint made at the close of the case should have been granted.

The judgment and order appealed from should be reversed and the complaint dismissed, with costs to appellant in this court and the court below.

CLARKE, P. J., McLAUGHLIN, PAGE and DAVIS, JJ., concurred.

Judgment and order reversed and complaint dismissed, with costs to appellant in this court and in the court below.