CHRISTINA M. KLEIN, Respondent, v. EMIL L. KLEIN, Appellant.— In an action by wife for separation from bed and board, upon the ground of abandonment and non-support and cruel and inhuman treatment, judgment in favor of plaintiff granting a separation and awarding permanent alimony, unanimously affirmed, in so far as appealed from, with costs. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

NICOLO LODICO, Appellant, v. ANNA S. BROOKS, Respondent.— Action for damages for personal injuries received while plaintiff was working as an employee of the defendant on her premises, removing a partly fallen tree. Judgment for the defendant dismissing the complaint unanimously affirmed, with costs. Assuming that Smith was the *alter ego* or vice principal of the defendant, she was not responsible for his negligent act in striking with an axe the branch of the tree upon which plaintiff was standing while he was likewise engaged, in conjunction with Smith, in removing the tree. The defendant would be liable for the acts of Smith in his capacity as *alter ego* or vice principal in an action at common law in so far as his conduct constituted a breach of duty of a non-delegable nature such as a failure to furnish a safe place to work. She, however, is not responsible for the personal acts of negligence of Smith as her *alter ego* in so far as those acts of negligence are the acts of a mere servant engaged jointly with the plaintiff in doing work of the same grade and nature as was being done by the plaintiff. In other words, it was the nature of the work or act of Smith, and not his rank, that determines the question of liability. (*Crispin* v. *Babbitt*, 81 N. Y. 516, 520; *Hussey* v. *Coger*, 112 id. 614, 616; *Cullen* v. *Norton*, 126 id. 1; *Fay* v. *De Camp*, 257 id. 407, 411; 4 Labatt's Master & Servant [2d ed.], p. 4142; 1 Shearman & Redfield on Law of Negligence [6th ed.], § 231.) Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

PHILIP McAULIFFE, as Administrator, etc., of ADELE McAULIFFE, Deceased, Respondent, v. TOMPKINS BUS CORPORATION, Appellant.— Action brought by administrator (1) to recover damages for injuries to the person of plaintiff's intestate, resulting from the alleged negligence of defendant (Dec. Est. Law, §§ 119 and 120, added by Laws of 1935, chap. 795, §§ 2 and 3, respectively), and (2) to recover damages for the death of the intestate, alleged to have been caused by defendant's negligence. The issues were tried before the court and a jury. The jury rendered a verdict in favor of the plaintiff for $4,500 upon the first cause of action. The jury disagreed as to the second cause of action. Thereupon the action was severed and judgment was duly entered only upon the verdict rendered upon the first cause of action. From that judgment defendant appeals. The appellant's sole contention is that the verdict is excessive in view of the jury's disagreement upon the second cause of action. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

THERESA O'MEARA, Respondent, v. POSTAL TELEGRAPH-CABLE COMPANY, Appellant.— Judgment declaring that the plaintiff's title to land situated in Orange county is free of any claim of title or easement of the defendant to maintain a telegraph line thereon, restraining further use, and awarding nominal damages to plaintiff, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.