THIRD DEPARTMENT, JUNE, 1943.

(June 30, 1943.)

STEPHEN KOSTKA, Respondent, v. GEORGE E. STACK, Appellant.

Bliss, Heffernan and Schenck, JJ., concur; Hill, P. J., dissents in an opinion in which Crapser, J., concurs; Crapser, J., dissents in a further memorandum.

HILL, P. J. (dissenting). Appeal from a judgment for personal injuries claimed to have been received by plaintiff through the negligence of defendant's foreman. Plaintiff and a force of men were engaged in picking apples, using a ladder when necessary. The court charged without exception, "It was a good substantial ladder, one commonly used in that business, and the plaintiff volunteered to go up and in the exercise of ordinary care no one would have an accident." Plaintiff's evidence is to the effect that when he started to ascend the ladder a coemployee Sundloff was holding and steadying it. That when he had approached the top and was reaching for apples, the thrust of his body caused the ladder to tip and he was thrown to the ground and injured; also that when he was ascending the ladder he heard Briggs, who was a foreman, call to Sundloff, who left the ladder and engaged in other work. The complaint was framed upon the theory that plaintiff did not have a safe place to work and that the ladder was defective. The court charged without exception, "No negligence is established and none claimed by virtue of the fact that this ladder was an imperfect or insecure piece of apparatus for use." The case was submitted to the jury on the theory that the negligence of Briggs was imputable to defendant, and if he called Sundloff when reasonable care required the latter to continue to support the ladder, plaintiff could recover.

If defendant provided sufficient competent workmen, he was under no obligation to direct their conduct in connection with details of the work, and this although he had committed the management of the work generally to a common employee of superior grade. Unwise directions as to details of the common work upon which several men are employed resulting in an injury through the carelessness of the one in charge, "whether he be the foreman or not" are not to be imputed to the employer. (*Dair* v. *N. Y. & P. R. Steamship Co.,* 204 N. Y. 341, 346.)

The complaint should be dismissed. (*Madigan* v. *Oceanic Steam Nav. Co.,* 178 N. Y. 242; *Vogel* v. *American Bridge Co.,* 180 N. Y. 373; *Yaconi* v. *Brady & Gioe, Inc.,* 246 N. Y. 300; *Lodico* v. *Brooks,* 254 App. Div. 572.)

CRAPSER, J. (dissenting). I dissent and vote to reverse the order and judgment appealed from and to dismiss the complaint. The plaintiff was permitted to recover on a cause of action not alleged in the complaint. No amendment was made to conform the complaint to the proof. This motion was made at the end of the plaintiff's case and again at the end of the whole case. When the motion was made at the end of all the evidence decision was reserved and an exception was taken. As the case stood then the defendant's motion should have been granted and failure to grant it and submit it to the jury over the exception of the defendant was error.