HAROLD BEYETTE, Respondent, v. ISADORE GREENBLATT, Appellant.— Appeal by defendant from a judgment in a negligence case, entered against him for the sum of $50,112.89, after a jury trial in the Supreme Court, St. Lawrence County. Plaintiff was injured while attempting to remove an antenna from a television tower that had been erected upon the roof of defendant's building in the city of Ogdensburg. A guy wire bracing the tower broke, the tower fell and plaintiff was thrown to the roof. Defendant was in the business, among other things, of selling and installing television sets. His own workmen had erected the tower in question. There was evidence that the tower was improperly erected, with only one lag screw 2½ inches long having a threaded part 1¾ inches long affixing it to the roof for lateral support, and braced with guy wires improperly placed to give it vertical support. The jury could reasonably draw the inference that the tower was unsafe to work upon, and its improper bracing was one of the causes why it fell. Defendant owed the duty to plaintiff, who was the employee of another, to furnish a reasonably safe appliance to work upon (Huston v. Dobson, 138 App. Div. 810; Iacono v. Frank & Frank Constr. Co., 259 N. Y. 377, 381). In that respect he had the same duty which he would have owed if plaintiff had been his own employee (Hess v. Bernheimer & Schwartz Brewing Co., 219 N. Y. 415–418). The case was submitted to the jury simply upon the issues of negligence and contributory negligence, and since there were no exceptions, or requests to charge, the charge became the law of the case. Moreover the doctrine of assumption of risk was not applicable as a separate issue because there was no contractual relation between the parties. It existed only as an element of contributory negligence. Plaintiff was not guilty of contributory negligence as a matter of law because he assumed a risk rather than abandon the work he was employed to do (Kaplan v. 48th Ave. Corp., 267 App. Div. 272, and cases therein cited). That issue was for the jury even though the improper bracing of the tower was readily apparent. And besides, there is evidence that plaintiff's employer was assured that other men had worked on the tower safely. The verdict however of $50,000 we think was excessive. The evidence of a permanent brain injury is weak and speculative. Judgment reversed, on the law and facts, and a new trial directed unless plaintiff stipulates, within ten days after the entry and service of the order to be entered herein, to accept the sum of $30,000, and in case he so stipulates the judgment may be modified in that respect, and as so modified, affirmed, with costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.