ARTHUR STONE, Appellant, *v.* BIGLEY BROS., INC., Respondent.

First Department, February 23, 1955.

*Benjamin H. Siff* of counsel (*Melvin Sacks,* attorney), for appellant.

*Hyman R. Friedman* of counsel (*Samuel Justin Jackman* with him on the brief; *Cotter, Carey & Schultz,* attorneys), for respondent.

*Per Curiam.* On October 12, 1953, plaintiff was injured when certain fabricated steel fell upon him and caused the loss of a leg among other injuries. Plaintiff was an employee of Bethlehem Steel Company, which was erecting a bridge in Long Island City. Bethlehem had a contract with defendant, a trucking company, under which the latter was to pick up fabricated steel at docks and railroad yards, and transport the same to the job site. The contract provided that unloading of the steel from the trucks at the job location was to be performed by Bethlehem.

On the day in question, two exceptionally large pieces of structural steel were loaded on a truck of defendant driven by one Henn. It was impossible to use the ordinary side stakes or stays. In order to secure the load, two encircling chains, property of defendant, were wrapped around the load and trailer platform at each end.

When the vehicle arrived at the job, plaintiff and a coworker climbed on the load to fasten cables known as "chokers" in preparation for lifting the steel from the truck by means of a hoisting crane. Henn, in accordance with what witnesses said was the customary activity of a driver in such situations, removed the front encircling chain, and then attempted to remove the rear one. He did so, however, before the chokers

were made taut. Thereupon, the large pieces of steel slid off the trailer, and plaintiff rolled underneath them and was injured.

The complaint was dismissed upon the ground that, as the contract between defendant and Bethlehem required the latter to unload the steel, the act of Henn in removing the chains was part of the unloading process and thus the work of Bethlehem, so that defendant was no longer liable for negligent acts of Henn.

The question of whether a servant is acting for his general employer in performing a particular work or for another is sometimes a question of law for the court, but more often presents a question of fact, or one of mixed fact and law. The continuance in the service of the general employer is ordinarily presumed, until command is shown to have been surrendered. (See *Delisa* v. *Arthur F. Schmidt, Inc.*, 285 N. Y. 314; *Wawrzonek* v. *Central Hudson Gas & Elec. Corp.*, 276 N. Y. 412, and *Bartolomeo* v. *Bennett Contr. Co.*, 245 N. Y. 66.)

We think that the question here of whether Henn was acting to further the interest of defendant or for Bethlehem at the time he loosened the chains was a question for the jury. The steel was not lying loose on the trailer, when it arrived. It came secured by encircling chains, the property of defendant, placed in position to facilitate transportation without mishap. Removal of such chains might well have been found a step in management of the vehicle or an act in the work of transportation. It might be held to be an act in preparation of the vehicle for unloading rather than part of the unloading itself.

As to the issue of negligence, there was evidence from which the jury could have found that the removal of the chains, before the chokers were made taut, was a dangerous procedure and known to be such. Contributory negligence was also for the jury under the facts revealed.

Accordingly, we reverse the judgment appealed from and order a new trial, with costs to the appellant to abide the event.

COHN, J. (dissenting). Under the provisions of the written contract between defendant and Bethlehem Steel Company, defendant was required to load Bethlehem's structural steel on defendant's trucks at the dock and the railroad yard, and to transport the same to the construction site. Bethlehem was to " unload carrier's trucks at the site." Plaintiff was injured while the truck was being unloaded at the construction site. When defendant's employee removed the chain from the truck at the site, he was aiding in the performance of a duty that was exclusively Bethlehem's. Assuming there was negligence, it was

negligence for which Bethlehem and not the defendant was solely responsible. Accordingly, I dissent and vote to affirm.

PECK, P. J., CALLAHAN, BASTOW and BOTEIN, JJ., concur in *Per Curiam* opinion; COHN, J., dissents in opinion.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.