PAUL MANGUSO, Respondent-Appellant, *v.* THIRTY-THIRD EQUI- TIES, INC., et al., Appellants-Respondents, et al., Defendant.

Second Department, June 6, 1955.

*Louis E. Schwartz* and *Francis B. Conrad* for respondent-appellant.

*Joseph J. Brophy* for appellants-respondents.

*Per Curiam.* In the course of working on an electric fixture in a building lobby which was being altered and modernized, plaintiff, an employee of the electrical subcontractor engaged by the general contractor, was injured when he fell from a fourteen-foot ladder. The building was owned by defendant Thirty-Third Equities, Inc., and was managed by defendant Adams & Co. Real Estate, Inc., and the ladder was supplied by their employee or employees at plaintiff's request. The amended complaint contains two causes of action — the first pleads common-law negligence; the second is based upon alleged violation of statute. The second cause of action was dismissed by the trial court at the end of the entire case, and the jury returned a verdict in favor of the plaintiff against the afore-mentioned defendants on the cause of action for common-law negligence. Those defendants appeal from the judgment for plaintiff; plaintiff appeals from so much of the judgment as dismisses his second cause of action.

The proof justified the finding of the jury, implicit in the verdict under the charge of the court that, to the knowledge of the employees of the appealing defendants, the ladder furnished plaintiff was unsafe unless held and that, despite such knowledge, the employee who had been holding the ladder left while plaintiff was standing thereon, causing him to fall almost immediately thereafter when the ladder moved. Under such circumstances, the jury was warranted in finding that the employees were guilty of negligence (cf. *Kostka* v. *Stack*, 266 App. Div. 883, affd. 291 N. Y. 808), even though originally there may have been no duty on their part to furnish or hold the ladder (cf. *Glanzer* v. *Shepard*, 233 N. Y. 236, 239, and *Marks* v. *Nambil*

*Realty Co.,* 245 N. Y. 256, 258). The question of whether the employees were acting within the scope of their employment at the time was properly left to the jury as one of fact (cf. *Stone* v. *Bigley Bros.,* 285 App. Div. 457), as was the question of whether plaintiff was guilty of contributory negligence (cf. *Nelson* v. *Nygren,* 259 N. Y. 71, 76; *Kaplan* v. *48th Ave. Corp.,* 267 App. Div. 272, 274, and *Beyette* v. *Greenblatt,* 284 App. Div. 826).

The claim of Adams, the managing agent, that in any event the judgment should be reversed as to it, since it was guilty at most of passive negligence, may not be sustained. The court charged, without exception, that both the owner and the managing agent would be liable if the jury found that the employees were negligent while acting within the scope of their employment and it is doubtful, therefore, that Adams is in a position to press the argument now asserted. (Cf. *Commercial Cas. Ins. Co.* v. *Roman,* 269 N. Y. 451, 457–458; *Buckin* v. *Long Island R. R. Co.,* 286 N. Y. 146, 149, and *Leonard* v. *Home Owners' Loan Corp.,* 297 N. Y. 103, 104–105.) We have, however, considered the merits and are of the opinion that the acts of negligence alleged and proved were not passive but constituted active, affirmative wrongdoing.

The second cause of action was properly dismissed. Section 240 of the Labor Law, upon which plaintiff relies, is inapplicable, as he was not employed by the appealing defendants nor was he directed by them to use the ladder in question. (Cf. *Iacono* v. *Frank & Frank Contr. Co.,* 259 N. Y. 377, 382; *Sweeney* v. *Spring Prods. Corp.,* 257 App. Div. 104, affd. 282 N. Y. 685; *Schwartz* v. *Acme Laundry Mach. Corp.,* 271 App. Div. 798, motion for leave to appeal denied 296 N. Y. 1061.) The case thus differs from *Koenig* v. *Patrick Constr. Corp.* (298 N. Y. 313), where the plaintiff, in spite of his protests, had been directed by defendant's employees to use the particular ladder which fell and caused his injuries.

The judgment should be affirmed, with costs to respondent-appellant.

Present — NOLAN, P. J., WENZEL, MACCRATE, BELDOCK and MURPHY, JJ.

Judgment unanimously affirmed, with costs to respondent-appellant.