■ TENDERLY REALTY CORP., Respondent, v. HOWARD BEACH WINE & LIQUOR CORP., Appellant.— Motion for leave to appeal to the Appellate Division granted. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ SAUL BELLASK, Respondent, v. CORONATION HOMES, INC., Appellant. — In an action to recover damages for personal injuries based on common-law negligence and alleged breaches of sections 200 and 240 of the Labor Law, the jury rendered a verdict in favor of respondent with a special finding that appellant's liability was based on its responsibility both under section 200 and under section 240 of the Labor Law. The appeal is from the judgment entered thereon. Judgment reversed on the law, with costs, and complaint dismissed. The findings of fact are affirmed. Respondent, with a partner, was an independent contractor who agreed with appellant, the owner of houses under construction, to perform certain electrical work therein and to supply material therefor. He was injured while descending a ladder angled between the ground and the first floor over the basement of one of the houses. Respondent entered the premises in a dual capacity (1) pursuant to the contract to determine the need for material, and (2) to ascertain the number of outlets as prospective seller of fixtures, not included in the contract. It was error to charge the jury that sections 200 and 240 were applicable. Respondent was not an employee as to whom there was a duty under section 200 to furnish a safe place to work. He was not directed to perform labor under section 240. He was an independent contractor who performed no work in

the erection of the house and was not at the scene of the work from the time of the making of the contract in May, 1953 until the occurrence of the accident in July, 1953. The furnishing by appellant of a means of access to be used by respondent at his option was not the equivalent of a direction (*Sweeney* v. *Spring Prods. Corp.*, 257 App. Div. 104, affd. 282 N. Y. 685; *Kluttz* v. *Citron*, 2 N Y 2d 379, 382–383; *Manguso* v. *Thirty-Third Equities*, 286 App. Div. 70; *Blackwood* v. *Chemical Corn Exch. Bank*, 4 A D 2d 656). The undenied allegation in the complaint that respondent was engaged in the performance of his work under the agreement is no concession that his status as contractor performing his contract brought him within the scope of the statute. Nor was a common-law cause sufficiently proved. The ladder was not defective; it remained upright and intact after the accident. With his back to the concrete cheek against which the base of the ladder was resting, respondent experienced difficulty in alighting from the ladder. That the base of the ladder was so braced was evident when he mounted the ladder. He fell through the lowest two rungs and was uncertain as to the cause of his fall. Lack of reasonable care to an invitee was not shown. Nolan, P. J., Wenzel, Beldock and Murphy, JJ., concur; Kleinfeld, J., concurs in the reversal of the judgment but dissents from the dismissal of the complaint, and votes to grant a new trial on the ground that there may be a common-law liability on the part of appellant, and respondent should be given an opportunity to establish such liability upon a new trial which will be free of the complications incident to statutory liability.