■ LINDA GASPER, as Administratrix of the Estate of DONALD GASPER, Deceased, Appellant, v. FORD MOTOR COMPANY, Defendant-Respondent, and Third-Party Plaintiff-Appellant. FREDERICK SEIFERT, Doing Business as MAIN WINDOW CLEANING COMPANY, Third-Party Defendant-Respondent.— Judgment unanimously reversed on the law and new trial granted, with costs to plaintiff-appellant to abide the event, and complaint of third-party plaintiff-appellant reinstated, without costs to either third-party plaintiff-appellant or third-party defendant-respondent. Memorandum: Plaintiff's intestate, a master window cleaner, was employed to wash the windows of an enclosed bridge which connected a parking lot with the defendant's main plant. To wash the outside of the window, he opened the ventilating section of the window and sat upon a plank which he placed on it with his legs inside the building and the upper portion of his body outside. A support arm of the window panel broke free

of its channel and precipitated him to his death on the ground below. The trial court granted a motion for a nonsuit at the close of the plaintiff's case apparently on the theory that a common structural object had been put to an unintended use. In our opinion questions of fact were presented that required submission of the case to a jury. The owner-occupant of a building has the affirmative obligation of providing a place safe for the work of the employees of an independent contractor properly on the premises. (*Beyette* v. *Greenblatt*, 284 App. Div. 826; *McLean* v. *Studebaker Bros. Co.*, 221 N. Y. 475; *Wohlfron* v. *Brooklyn Edison Co.*, 238 App. Div. 463, affd. without opinion 263 N. Y. 547). There was testimony which, if believed by the jurors, would lead to the conclusion that there was no other way in which the windows of the bridge might be cleaned. There was also testimony that the bridge had not been equipped with any devices for the protection of window cleaners and that the failure to provide such devices was contrary to common practice. This was some evidence of negligence (*Garthe* v. *Ruppert*, 264 N. Y. 290; *Shannahan* v. *Empire Eng. Corp.*, 204 N. Y. 543). The plaintiff made out a prima facie case and the motion for a nonsuit should have been denied. (Appeal by plaintiff from part of judgment of Erie Trial Term dismissing plaintiff's complaint on motion by defendant at the close of plaintiff's case; also appeal by defendant Ford Motor Co. from part of same judgment dismissing said defendant's third-party complaint against third-party defendant Seifert on motion made at the end of plaintiff's case.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.