ANGELINA IACONO, as Administratrix of the Estate of SALVATORE IACONO, Deceased, Respondent, *v.* FRANK & FRANK CONTRACTING CO., INC., et al., Appellants, Impleaded with Another.

378

(Argued June 13, 1932; decided July 19, 1932.)

*Sidney Weitzer* and *Bernard G. Barton* for appellants. A general contractor is not responsible for the negligent act of his subcontractor or subcontractors, and the fact the general contractor might have retained some limited power of general supervision for the purpose of seeing that the work was being properly done by the subcontractor or subcontractors according to the plans and specifications does not make the general contractor liable for the independent and negligent acts of the subcontractor or subcontractors. (*Dudar* v. *Milef Realty Corp.,* 258 N. Y. 415; *Moore* v. *Wills,* 250 N. Y. 426; *Hexamer* v. *Webb,* 101 N. Y. 377; *Herman* v. *City of Buffalo,* 214 N. Y. 316; *Schumer* v. *Catlin,* 241 N. Y. 346; *Corbett* v. *Scott,* 243 N. Y. 66.) The trial court erred in denying the motion for a dismissal of the complaint as to defendants-appellants. (*DeLee* v. *Pardy Construction Co.,* 249 N. Y. 103; *Casperson* v. *LaSala Bros.,* 253 N. Y. 491; *Hess* v. *Bernheimer & Schwartz Brewing Co.,* 219 N. Y. 415; *Duggan* v. *National Constructors & Engineers, Inc.,* 223 App. Div. 163; *Dudar* v. *Milef Realty Corp.,* 258 N. Y.

415; *Moore* v. *Wills, Inc.*, 250 N. Y. 426; *Klein* v. *East River Electric Light Co.*, 182 N. Y. 27; *Griggs* v. *Day*, 158 N. Y. 1; *Matter of Totten*, 179 N. Y. 112; *Latini* v. *Zavodnick*, 254 N. Y. 346.)

*Fred P. Harrington, Manley J. Greenwald* and *Henry S. Sellin* for respondent. Plaintiff established a cause of action. (Labor Law, § 240, subd. 1; *Boyle* v. *Robinson*, 154 App. Div. 1; *Kenny* v. *Hall Realty Co.*, 85 Misc. Rep. 439; *DeLee* v. *Pardy Construction Co.*, 249 N. Y. 103; *Caspersen* v. *La Sala Bros.*, 253 N. Y. 491; *Hooey* v. *Airport Construction Co.*, 253 N. Y. 486; *Dudar* v. *Milef Realty Co.*, 258 N. Y. 415; *Mortensen* v. *Magoba Cons. Co.*, 248 N. Y. 577; *McRickard* v. *Flint*, 114 N. Y. 222; *Amberg* v. *Kinley*, 214 N. Y. 531; *Schumer* v. *Caplin*, 241 N. Y. 346.) Section 240 of the Labor Law applied to defendants-appellants. (*Quigley* v. *Thatcher*, 207 N. Y. 66; *Bohnhoff* v. *Fischer*, 210 N. Y. 172; *DeLee* v. *Pardy Construction Co.*, 249 N. Y. 103; *Hooey* v. *Airport Construction Corp.*, 253 N. Y. 486; *Caspersen* v. *La Sala Bros.*, 253 N. Y. 491; *Dudar* v. *Milef Realty Corp.*, 258 N. Y. 415; *Mortensen* v. *Magoba Cons. Co.*, 248 N. Y. 577.)

KELLOGG, J. The defendant Thirty-sixth Street and Eighth Avenue Corporation was the owner of premises upon which a twenty-eight story building was being erected. The defendant Frank & Frank Corporation, Inc., was the general contractor which had undertaken to construct the building. All the work had been performed, or was in the course of performance, through the agency of subcontractors. While the defendant owner " had possession and control of the premises," and the defendant contractor was represented upon the job by a construction superintendent, nevertheless, neither of the defendants had any laborers upon the premises, or performed any part of the work of construction.

A subcontractor, having in charge the construction of the concrete arches and cement floors, had procured the

United Hoisting Co., Inc., to install a hod-hoist in the partly-erected building, that it might elevate material to the various floors. After its erection, and after the concrete subcontractor had finished its work, the hoist came into the possession of the plastering subcontractor, A. P. Grassi & Bros., Inc. The Grassi Company became lessee of the hoist under a contract which expressly provided: "After installation the entire control and operation of hoists, machinery and appliances connected therewith are under the absolute authority of the lessees." The lessee paid a rental for the hoist which included the wages of the engineer who ran the hoist. The engineer was the servant of the Grassi Company.

The hoist was operated in a shaft which extended from the cellar to the twenty-fifth story. It consisted of a platform, about six feet square, which was unprotected at the sides by any partition or barrier. It was lifted and lowered by a cable fastened to a cross piece about six feet above the platform. The cable extended up the shaft to a pulley and then returned to a drum which was caused to revolve by an electric motor. The hoist was held in place by metal shoes, two pairs to a side, so placed as to form grooves through which vertical rails, extending along opposite sides of the shaft, might pass, as the hoist rose or fell.

Salvator Iacono, for whose death recovery is sought from these defendants, was an employee of the Grassi Company. While working at the foot of the hoist shaft, it became necessary for him to ascend to the twenty-fifth floor. It had been the custom of the men employed by Grassi to use the hod-hoist for this purpose, although notice forbidding the practice had been given by their employer. The engineer complied with Iacono's request and operated the hoist to move him to the desired floor. On Iacono's return journey, at the nineteenth floor, the shoes on one side of the hoist slipped off the vertical rail, the hoist tilted to one side, and Iacono, slipping from

the platform, fell to the bottom of the shaft and was killed.

The Grassi Company, at the time of the accident and prior thereto, was in exclusive possession, operation and control of the hoist. Neither of the defendants had caused its installation, or supplied it for the use of subcontractors; neither of them had ever possessed or operated it. Notice that the hoist was out of repair had never been given to either of the defendants. Grassi had been informed that the vertical rails were out of line and that the hoist shook excessively when run, but no such information had been communicated to the defendants. We know of no duty resting upon an owner or a general contractor to inspect the machinery and tools furnished by a subcontractor, which that contractor exclusively possesses and controls; nor of any duty, after an inspection disclosing defects, to make repair of a defective appliance. " If the employer furnishes a ladder or a scaffold for the contractor's employees to work on he must be careful to furnish a safe appliance (*Huston* v. *Dobson*, 138 App. Div. 810; *Fuller* v. *Mulcahy & Gibson*, 164 App. Div. 829), but if the contractor furnishes such appliances the employer does not thereby become responsible for their sufficiency. They are no part of the employer's plant; failure to furnish them is not a defect in the employer's plant." (Per POUND, J., in *Hess* v. *Bernheimer & Schwartz Brewing Co.*, 219 N. Y. 415, 418.) *DeLee* v. *Pardy Construction Co.* (249 N. Y. 103); *Caspersen* v. *LaSala Bros.* (253 N. Y. 491)); *Hooey* v. *Airport Construction Co.* (253 N. Y. 486); *Dudar* v. *Milef Realty Corp.* (258 N. Y. 415), relied upon by respondent, hold nothing to the contrary. They express the principle that an owner, acting as general contractor in the construction of a building, and exercising general control and superintendence, owes to the employees' of a subcontractor the duty of exercising reasonable care to make safe the places of work provided by him, and the ways and approaches to

such places. Here we have a case, where the duty of inspecting and keeping safe apparatus and machinery, supplied to laborers by subcontractors employing them, has been cast upon the superintending owner and general contractor. The imposition of such a burden finds justification neither in principle nor authority.

Nor do we think that section 240 of the Labor Law (Cons. Laws, ch. 31) has application. That section reads in part: " A person employing or directing another to perform labor of any kind in the erection * * * of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, * * * hoists * * * and other mechanical contrivances which shall be so constructed, placed and operated so as to give proper protection to a person so employed or directed." Concededly, neither defendant was a person " employing " another " to perform labor," for neither had any workman upon the job. Nor do we think that the Legislature, in using the phrase " a person * * * directing another to perform labor," had in mind an owner performing work through an independent contractor, or that it intended to impose liability upon such an owner for injuries arising from defective appliances supplied to his laborers by an independent contractor, as though the owner were a person " directing " such laborers. Therefore, we think that the statute has no application.

The judgments should be reversed and the complaint dismissed, with costs in all the courts.

CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; POUND, Ch. J., not sitting.

Judgments reversed, etc.