EDWARD P. SWEENEY, Respondent, v. SPRING PRODUCTS CORPORATION, Defendant, Impleaded with SCHULTE REAL ESTATE CC., INC., Appellant.

First Department, May 19, 1939.

*William L. Shumate* of counsel [*Andrews, Baird & Shumate,* attorneys], for the appellant.

*Fred P. Harrington* of counsel [*John F. Mulvey* with him on the brief; *Nathan B. Kogan*, attorney], for the respondent.

UNTERMYER, J. The appellant, Schulte Real Estate Co., Inc. (referred to as the defendant), is the owner of a building in Long Island City, N. Y. On December 19, 1935, it entered into a lease by which it let the entire building to Spring Products Corporation for a term of five years commencing May 1, 1936. It was provided in the lease that the landlord would make certain repairs and alterations, including the replacement of the inner roof of the water tank on the penthouse roof. These repairs were deferred by the defendant at the request of the Spring Products Corporation until several months after the tenant had entered into possession of the building. In January, 1937, the defendant entered into a contract with A. J. Courtmel Co. to perform the work of replacing the inner roof of the roof tank on a cost-plus basis. The contract did not require the defendant to furnish ladders or other equipment to be used in connection with the repairs nor did the defendant exercise any supervision over the work.

The plaintiff was a carpenter's helper in the employ of the Courtmel Company and was instructed by its foreman carpenter to proceed to the premises and assist in the work of repair. On January 18, 1937, while engaged in that work with another employee of the Courtmel Company under the supervision of its carpenter foreman, he suffered injuries for which he sues. The injuries were caused by the collapse of a ladder on which the plaintiff was standing and by means of which he had descended into the interior of the roof tank. This ladder was the property of the defendant, permanently affixed to the tank and apparently in the same position as at the time the defendant had let the premises. Investigation disclosed that the side rails of the ladder near the lower portion were " slimy and rotten " and that they had broken about three or four feet from the bottom.

The case was tried and submitted to the jury on the theory that subdivision 1 of section 240 of the Labor Law applied and that no question of common-law negligence or notice to the defendant of the defective condition of the ladder was involved. Unless these provisions of the Labor Law apply, the plaintiff failed to establish any cause of action. The Labor Law, section 240, subdivision 1, provides: " A person employing or directing another to perform labor of any kind in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings,

hangers, blocks, pulleys, braces, irons, ropes, and other mechanical contrivances which shall be so constructed, placed and operated as to give proper protection to a person so employed or directed."

Was the defendant " a person employing or directing another to perform labor " within the meaning of the Labor Law? It is evident that the defendant was not a person " employing " the plaintiff. We think also the defendant was not a person " directing " the plaintiff to perform the work. The person who had directed performance of work by the plaintiff was the Courtmel Company, by whom the work was to be done. The defendant neither employed the plaintiff nor did it direct him to perform the work merely because it had contracted with the Courtmel Company, his employer, for that purpose. In *Iacono* v. *Frank & Frank Contracting Co.* (259 N. Y. 377) the court, referring to these provisions of the Labor Law, said: " Concededly, neither defendant was a person ' employing ' another ' to perform labor,' for neither had any workman upon the job. Nor do we think that the Legislature, in using the phrase ' a person * * * directing another to perform labor,' had in mind an owner performing work through an independent contractor, or that it intended to impose liability upon such an owner for injuries arising from defective appliances supplied to his laborers by an independent contractor, as though the owner were a person ' directing ' such laborers. Therefore, we think that the statute has no application." Any expressions to the contrary in earlier decisions must yield to this statement of the law by the Court of Appeals.

If the statute applies at all to the defendant, then by its terms the defendant was required, not only to refrain from furnishing defective equipment, but to furnish and erect all the equipment referred to in section 240 of the Labor Law, notwithstanding that it had engaged an independent contractor to make the repairs. This could not have been the purpose of these provisions. We think the statute was not intended to subject persons to liability who, like the defendant, might employ independent contractors but that responsibility for equipment used in the performance of the work and the duty of inspection were imposed on the employer.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Judgment and order unanimously reversed, with costs, and the complaint dismissed, with costs.