ANTHONY MERCANTE, Respondent, *v.* HYGRADE FOOD PRODUCTS CORPORATION, Appellant.

Second Department, February 19, 1940.

*Walter L. Glenney*, for the appellant.

*Joseph Rothbard*, for the respondent.

TAYLOR, J. The complaint alleges that plaintiff was injured by falling from a scaffold belonging to defendant, while plaintiff and one Downs were painting an outside wall of defendant's building. The first cause of action is based upon an alleged violation by the defendant of section 240 of the Labor Law (Cons. Laws, chap. 31), in furnishing an unsafe and defective scaffold. The second cause of action rests upon an alleged violation by defendant of its common-law duty to furnish a safe and proper scaffold. Plaintiff disclaimed employment by the defendant, obviously because if he was so employed, this action would be barred by section 11 of the

Workmen's Compensation Law (Cons. Laws, chap. 67). The fourth defense, struck out by the order appealed from, is founded upon an agreement signed by Downs and plaintiff that they would do the painting in a good, workmanlike manner, and would absolve defendant from payment of any damages or compensation "for injuries which may occur to us while on duty," and that they were "to be responsible for such accidents" themselves. The learned court below held that this agreement was against public policy.

Plaintiff alleged that he assisted Downs in the painting work. This made him the employee of Downs, an independent contractor with defendant. Defendant was under no responsibility to plaintiff for the condition of the scaffold, under the Labor Law or at common law (*Iacono* v. *Frank & Frank Contracting Co.*, 259 N. Y. 377, 381, 382; *Sweeney* v. *Spring Products Corp.*, 257 App. Div. 104, 106); and there was nothing upon which the agreement could operate so far as defendant's liability was concerned. Assuming, however, that plaintiff was not an employee of Downs, plaintiff was an independent contractor himself, since he was not defendant's employee. In that case the agreement — which was not a release, because no claim had arisen when it was made and because it spoke only of the future — was valid as a covenant not to sue and as an assumption of all risks attending the work, including such as might arise from defendant's negligence (*Wilder* v. *Pennsylvania R. R. Co.*, 245 N. Y. 36, 39, 41; *Anderson* v. *Erie R. R. Co.*, 223 id. 277, 280, 282, 283; *Murphy* v. *Steeplechase Amusement Co.*, 250 id. 479, 482, and cases there cited; *Weller* v. *Consolidated Gas Co.*, 198 id. 98, 101; *Beck* v. *Carter*, 68 id. 283, 292; *Cusick* v. *Adams*, 115 id. 55, 59; *Bernhardt* v. *American Railway Express Co.*, 218 App. Div. 195, 197), and as an agreement to indemnify defendant against damages resulting from its own negligence. (*Long Island Railroad Co.* v. *American Bridge Co.*, 175 App. Div. 170, and cases there cited; affd., 225 N. Y. 692.) Therefore, the questioned defense was sufficient in law.

The order appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

HAGARTY, CARSWELL and ADEL, JJ., concur; LAZANSKY, P. J., concurs in the result.

Order granting plaintiff's motion to strike the fourth separate, distinct and complete defense from defendant's answer reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.