Morris Langberg, Respondent, *v.* Seamen's Bank for Savings, Appellant.

Supreme Court, Appellate Term, First Department, June 24, 1943.

*Matthew Vener* and *Reginald V. Spell* for appellant.

*Abraham D. Levy* for respondent.

Opinion *Per Curiam.* Defendant was not liable for the injuries sustained by plaintiff. (*Sweeney* v. *Spring Products Corp.*, 257 App. Div. 104, affd. 282 N. Y. 685; *Iacono* v. *Frank & Frank Contracting Co.*, 259 N. Y. 377.)

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

Shientag and Rosenman, JJ., concur; McLaughlin, J., dissents.

McLaughlin, J. (dissenting). This case, based upon the alleged negligence of the defendant, was tried in the Municipal Court before a judge and jury and resulted in a verdict in favor of the plaintiff in the sum of $530.

The defendant was the owner of premises known as 38 Park Row, in the borough of Manhattan, city of New York, consisting of a twelve-story office building. It contracted with Stanley Matlaw Corporation for the painting of the fire escapes and windows on the outside of those premises. Plaintiff, a painter, was employed by Stanley to assist in the work. He commenced work, with several other coworkers, on the fire escapes on August 3, 1942, and after the fire escapes had been painted he proceeded with the painting and cleaning of windows in the alley of the building. On August 7, 1942, after he had completed his work for the day, he ascended the fire escape for the purpose of reaching the sixth floor of the building, where it was his intention to change his clothes. As he was going up the steps of the fire escape, one of the steps collapsed on one side, and plaintiff sustained the injuries complained of in this action. It appears that each day, when plaintiff came to work on the premises, he proceeded in the morning to the sixth floor by way of the service elevator. After changing into his working clothes there he would open a window and proceed down the fire escape. Then after his day's work was over he would return by way of the fire escape to the sixth floor and change his clothes.

The defendant rested on this proof by the plaintiff and moved to dismiss. The court, however, submitted the case to the jury on the question as to whether the landlord was negligent in failing to give the plaintiff a proper place in which to work, and also as to plaintiff's freedom from any contributory negligence.

On this appeal from the judgment based upon the jury's verdict in favor of the plaintiff, the principal question would seem to be whether the defendant owed any duty to this plaintiff which would make the defendant liable to respond in damages for the plaintiff's injuries. Appellant maintains that the plaintiff was not an invitee on the fire escape at the time of the accident, and thus no duty was owed to him by defendant. It is argued that since at the time of the accident plaintiff had completed his day's work on a part of the building not attached to the fire escapes and was merely using the fire escape for his own purpose in returning to change his clothes, he was a mere licensee, and that consequently defendant owed him no duty except to refrain from willful acts of negligence or conditions which might constitute a trap. The plaintiff had used these premises by going up and down the fire escape from and to whatever immediate jobs he had upon the building, and the

evidence shows that the length of time and the methods employed by him to go to and from his work were sufficient to give the defendant notice of what he was doing and how he was going to and from his work on the building. Whether or not he had the right to be upon the fire escape at that time and whether or not he was an invitee were questions of fact which the jury properly determined in his favor upon the evidence presented.

It is also urged by appellant that plaintiff failed to offer proof as to the control of the fire escape by the defendant at the time of the accident. There is no merit to this contention because under section 92-c of the Municipal Court Code it was defendant's duty to specifically deny ownership, operation or control. There was no such specific denial, and under this section plaintiff was relieved from the obligation of proving ownership, operation or control. Aside from that there can be no serious dispute as to defendant's ownership and control in this case.

Appellant also contends that plaintiff failed to make out a case because there was no proof of notice either actual or constructive on the part of the defendant as to the dangerous condition. It was the duty of the defendant to maintain this fire escape in such condition that there would be no injury to the contractor's employees. Even in a new building during the course of erection that rule applies. In *Caspersen* v. *La Sala Bros.* (253 N. Y. 491, 495) the court, in speaking of the liability of the owner defendant, said: " It is chargeable with its own negligence in failing to guard the ways against perils unknown to the worker." While there is nothing in the statutes requiring the proper maintenance of fire escapes, nevertheless, it is provided by the Administrative Code of the City of New York (§ C26–298.0; L. 1937, ch. 929) that where fire escapes are employed as a means of exit, they shall be of sufficient strength to safely sustain the ordinary load. The failure to comply with the provisions of the Code would be some evidence of negligence. In the present case this fact, together with plaintiff's proof as to the breaking of the step, and the absence of any proof showing a reasonable inspection by the owner would seem sufficient to hold the defendant liable without any further proof of notice. Certainly the jury could have found that the failure of the defendant to inspect, when such inspection would have revealed the defect, established negligence on the part of the defendant resulting from the defendant's breach of duty to maintain the fire escape, which was used by this workman as an approach to his work, in a fit and safe condition.

Error is also claimed by appellant in the court's charge to the jury to the effect that defendant owed plaintiff the duty of providing a safe place in which to work. That involves the important question in this case as to whether the defendant owed any duty at all to the plaintiff. It is urged that the cases of *Sweeney* v. *Spring Products Corp.* (257 App. Div. 104, affd. 282 N. Y. 685) and *Iacono* v. *Frank & Frank Contracting Co.* (259 N. Y. 377) are authorities for the proposition that the defendant as owner was not liable for the injuries sustained by the plaintiff. The case of *Sweeney* v. *Spring Products Corp.* (*supra*) was based solely upon a claim under subdivision 1 of section 240 of the Labor Law and it was held that the use of a ladder maintained by an owner on his premises, and which was used by an employee of an independent contractor in doing his work, did not create any liability on the part of the owner, as that law placed the responsibility for the equipment used and the duty of inspection solely upon the defendant contractor and not the owner. The responsibility here for the injuries to the plaintiff flows from the liability of an owner to furnish an employee of a contractor a reasonably safe place to work in.

The case of *Iacono* v. *Frank & Frank Contracting Co., Inc.* (259 N. Y. 377, *supra*) is not in point for all that was determined in that case was that no duty rests upon an owner of a building under construction or upon a general contractor to inspect machinery or tools furnished by a subcontractor and in the latter's possession and control. Nor is it their duty to repair a defective appliance after an inspection discloses defects. The court in discussing the duties of an owner to the employee of a subcontractor referred to the decisions on that point, stating (p. 381): "They express the principle that an owner, acting as general contractor in the construction of a building, and exercising general control and superintendence, owes to the employees of a subcontractor the duty of exercising reasonable care to make safe the places of work provided by him, and the ways and approaches to such places."

In *Wohlfron* v. *Brooklyn Edison Co.* (238 App. Div. 463, affd. 263 N. Y. 547), an owner was held liable for injuries suffered by a plaintiff who was an employee of a subcontractor where it was shown that the plaintiff, in going to his work, had to pass along a concrete slab which had been completed by another contractor about six months before the accident, and where, within two weeks before the accident, holes had been cut near the outer edge of the slab by another contractor for purposes connected with the construction. Plaintiff there was

injured while walking along this slab. The court held the defendant owner responsible in damages for the injuries sustained by the plaintiff. The rule applicable is set forth in that case as follows (p. 465): "Irrespective of any contract that the owner or general contractor may make with the subcontractors to furnish scaffold, ladders and the like, used in connection with the work, the rule in this State and in many other jurisdictions is that the duty rests on the owner or general contractor to use ordinary care to keep the premises in a reasonably safe condition for the servants of the contractor or subcontractor, particularly where the work is of a dangerous character; and to see to it that the workmen have reasonable protection against the consequences of hidden dangers known to the owner or general contractor, or which ought to have been known by him, and not known to those engaged in the particular work."

In *Hess* v. *Bernheimer & Schwartz Brewing Co.* (219 N. Y. 415, 418), the distinction is made between the employer's plant and the equipment which may have caused the injury to plaintiff. It was there held that: " The duty of the owner to the employee of the contractor is the duty owed by an employer to his own employee in such a case."

In the present case the defendant's liability results from the failure to furnish a safe place. As was said in *Wohlfron* v. *Brooklyn Edison Co.* (238 App. Div. 463. 466, *supra*): " This is the doctrine known at common law as the duty to furnish a safe place to work, and the duty is nondelegable."

Under the circumstances, it appears that the defendant did not furnish a safe place or approach and that this case has nothing to do with defective equipment. The judgment below was proper and should be affirmed.