ISIDORE KAPLAN, Appellant, *v.* 48TH AVE. CORPORATION et al., Respondents.

Second Department, December 29, 1943.

*Abraham Engelman* and *Harry Z. Kaufman* for appellant.

*Milton C. Jacobs* for respondent 48th Ave. Corporation.

*William P. Cotter* and *Clarence B. Tippett* for respondent Franzese Cement & Concrete Corporation.

HAGARTY, J. The truth of the testimony of plaintiff, sole witness at the trial, is assumed. He was engaged, on the 14th day of May, 1941, in installing gas risers, in the course of his employment by a plumbing contractor, on the third floor of a building, under construction, owned by defendant 48th Ave. Corporation. He was injured when a plank, placed on that floor along crossbeams in an area intended as a hallway, gave way as he walked on it. The plank had been placed there by employees of defendant Franzese Cement & Concrete Corporation, hereinafter referred to as the contractor. It had been used as a passageway by plaintiff and other workmen for two days prior to the accident. It was not a proper way, as the custom was to lay not one, but two planks, and to join them by crosspieces. The learned Trial Justice interposed a series of questions, during the course of which plaintiff testified that he knew the plank was not safe when he walked on it, or, as subsequently modified in response to another question by the court, that he knew the plank " was not a safe construction or a proper method of covering the floor-way." Dismissal of the complaint followed " upon the ground that the plaintiff is guilty of contributory negligence as a matter of law   *   *   *."

The issue of contributory negligence should have been submitted to the jury. A reasonable inference to be drawn from the proof is that in order to go from the third floor to his bench on the second floor plaintiff had " no other appropriate " or " reasonable way " (*Quigley* v. *Thatcher*, 207 N. Y. 66, 67, 69) than over this plank. Knowledge of the existence of a defect does not necessarily establish contributory negligence. (*Leshinsky* v. *Cohen*, 262 App. Div. 775; *Bailey* v. *Wagner*, *Whirler & Derrick Corp.*, 266 App. Div. 875.) One placed in the dilemma of abandoning the reasonable course of his work or assuming a risk will not be charged with contributory negligence as a matter of law if he adopts the latter alternative. (*Fitzwater* v. *Warren*, 206 N. Y. 355; *Eckert* v. *Reichardt*, 243 N. Y. 72; *Romano* v. *Home Owners' Loan Corp.*, 263 App. Div. 743; cf. *Owen* v. *Westchester Country Club, Inc.*, 264 App. Div. 796, affd. 289 N. Y. 819; *McCarthy* v. *Emerson*, 77 App. Div. 562, 565.)

The proof elicited by the court merely accentuated the obvious fact that plaintiff had used this single plank although he was aware that a proper way would have consisted of two planks hooked together. The knowledge of plaintiff and his adoption of the characterization of the court that the plank was " not safe " subsequently modified to mean that it was not " a proper method," does not necessarily lead to the conclusion that he was fully appreciative of the inadequacy of the plank. On the contrary, his testimony bears the implication that, because of the prior use of the plank, he did not believe that he would be injured. Undoubtedly, he knew that a risk was entailed, the assumption of which, under all the circumstances, presented a question of fact as to contributory negligence.

Concessions made at the outset of the trial as to the duties of respondents were apparently designed to assure plaintiff that they included the duty of maintenance of a proper way, in lieu of proof showing circumstances creating such obligation on the part of the owner (*Caspersen* v. *La Sala Bros.*, 253 N. Y. 491; *McNamara* v. *Eastman Kodak Co.*, 220 N. Y. 180, 183) as well as the contractor (*McGlone* v. *Angus, Inc.*, 248 N. Y. 197). The contention of the owner that the record contains no proof that it owed a duty to plaintiff is, therefore, unavailing.

In the absence of proof showing that respondents, or either of them, employed or directed plaintiff to perform labor, section 240 of the Labor Law cannot be invoked. (*Iacono* v.

*Frank & Frank Contracting Co.*, 259 N. Y. 377; *Sweeney* v. *Spring Products Corp.*, 257 App. Div. 104, affd. 282 N. Y. 685; *Mercante* v. *Hygrade Food Products Corp.*, 258 App. Div. 641; *Anderson* v. *143 Linden Blvd. Corp.*, 258 App. Div. 887.)

The judgment should be reversed on the law as to both defendants and a new trial granted, with costs to abide the event.

CLOSE, P. J., JOHNSTON, ADEL and TAYLOR, JJ., concur.

Judgment reversed on the law as to both defendants and a new trial granted, with costs to abide the event.