JOHN BOLL, Plaintiff, *v.* SHARP & DOHME, INC., Defendant

Supreme Court, Special Term, New York County, September 14, 1951.

*Julian H. Gottlieb* for plaintiff.

*Joseph J. Brophy* and *Francis M. Walsh* for defendant.

HECHT, J.  Plaintiff has moved to strike out a defense of release.  He offered himself as a blood donor for which he received compensation.  His usual occupation was that of a truck driver.  At the time in question, as well as on several previous occasions when he had given blood, he signed a statement exculpating defendant from any consequences resulting from the giving of blood and released any claims that he might have " by reason of any matter relative or incident to such donation of blood."  He claims that he suffered injuries due to the negligence of defendant in not properly caring for him after he gave blood.

It is his claim that the release is against public policy.  I do not agree with his contention.  There are several well defined classes of cases where similar types of releases have been declared against public policy and unenforcible.  For example, an employee cannot be held to a release given to his employer relating to injuries resulting from his employment.  " The theory of their invalidity is in the importance to the state that there shall be no relaxation of the rule of law, which imposes the duty of care on the part of the employer towards the employed. The State is interested in the conservation of the lives and of the healthful vigor of its citizens, and if employers could contract away their responsibility at common law, it would tend

to encourage on their part laxity of conduct in, if not an indifference to, the maintenance of proper and reasonable safeguards to human life and limb." (*Johnston* v. *Fargo*, 184 N. Y. 379, 384–385.) Similarly, where the relationship involves a public service it is against public policy for the public service to exempt itself from liability. (6 Williston on Contracts [Rev. ed.], § 1751C, p. 4971.) The basis for this rule is that the parties are on an unequal footing. However, plaintiff does not come within any of these exceptions. He did not have to give his blood. He voluntarily chose to do so. He was not employed in the usual sense of the relationship. Rather, he was an independent contractor who could give his blood or not, as he wished, depending on the consideration offered by the buyer. This case is similar to *Mercante* v. *Hygrade Food Products Corp.* (258 App. Div. 641).

The defense is sufficient in law. Motion denied.