JOHN KENNY, Respondent, v. DORAL CONSTRUCTION CORP., Appellant and Third-Party Plaintiff-Appellant. BORRELLI, INC., et al., Third-Party Defendants-Respondents.— Defendant and third-party plaintiff Doral Construction Corp. was the general contractor of a construction project in Queens County. Third-party defendant Borrelli, Inc., was the concrete subcontractor. Third-party defendant Atlas Erectors Company, plaintiff's employer, was the subcontractor for the steel erection. In this action to recover damages for injuries sustained by plaintiff as the result of the collapse of a lolly column and steel beams connected thereto, the jury returned a general verdict for plaintiff against Doral, a general verdict in favor of Doral against Atlas on the third-party complaint, with special findings, answers to seven specific questions submitted to the jury at Atlas' request pursuant to subdivision 5 of section 193-a of the Civil Practice Act. The third-party complaint as against Borrelli, Inc., had been dismissed on motion at the close of the case. After the verdict, the court granted the motion of Atlas made at the close of the case to dismiss the third-party complaint against it, decision having been reserved on this motion. This is an appeal by Doral from the judgment. Judgment modified on the law by striking therefrom the first adjudicating paragraph and by substituting therefor provisions that the main action be severed from the third-party action and that a new trial be had on the issues raised by the complaint and the answer. As so modified, the judgment is unanimously affirmed, without costs. It was error for the trial court to instruct the jury that appellant might be held liable to plaintiff if it had failed to furnish him with a safe place to work. (*Mullin* v. *Genesee Co. Elec. Light, Power & Gas Co.*, 202 N. Y. 275; *Kowalsky* v. *Conreco Co.*, 264 N. Y. 125.) Although the new trial is required between plaintiff and appellant, it is not necessary to direct a retrial of the issues as between appellant and the third-party defendants. Plaintiff may recover against appellant only if it shall be established on the trial that it had assumed control of the work or had given specific instructions which involved the safety of the employees of the third-party defendant, Atlas Erectors Company. (*Broderick* v. *Cauldwell-Wingate Co.*, 301 N. Y. 182.) If on the new trial plaintiff should recover against appellant, such recovery will necessarily be predicated on a finding that it was guilty of active negligence involving plaintiff's injury. Under such circumstances there cannot be a recovery over by appellant against the third-party defendants. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.