ALPHONSE GAMBELLA, Respondent, *v.* JOHN A. JOHNSON & SONS, INC., Defendant and Third-Party Plaintiff-Respondent. ANDREA LA SALA & SONS, INC., Third-Party Defendant-Appellant.

Second Department, March 28, 1955.

*Joseph P. Feury, William J. Kenney* and *Joseph A. Monica* for third-party defendant-appellant.

*Walter G. Evans* and *Joseph Kane* for third-party plaintiff-respondent.

Murphy, J. · Plaintiff fell from a defective scaffold furnished by his employer, appellant Andrea La Sala & Sons, Inc., hereinafter referred to as " La Sala ". La Sala was a masonry subcontractor of defendant and third-party plaintiff-respondent John A. Johnson & Sons, Inc., hereinafter referred to as " Johnson ". Johnson knew that La Sala was using the scaffold. Plaintiff commenced his action for damages against Johnson as " another not in the same employ " whose negligence had caused his injury (Workmen's Compensation Law, § 29, subd. 1). Johnson commenced its third-party action against La Sala, alleging in the first of two causes that La Sala was the prime wrongdoer and invoking in the second cause an indemnity agreement.

The Official Referee held Johnson liable for passive negligence, apparently on the ground that knowledge of the defects was implied in Johnson's knowledge of the use of the scaffold. Judgment over for Johnson and against La Sala was based on a holding that La Sala was actively negligent. Although La Sala has appealed from the entire judgment, its brief asks for a reversal of the judgment insofar as it is in favor of the third-party plaintiff and for a dismissal of the third-party complaint.

The judgment against Johnson was erroneously made. Johnson was not guilty of any actionable statutory or common-law negligence which warranted recovery against it. The only statutes which conceivably could be deemed applicable are section 200 and subdivision 1 of section 240 of the Labor Law. Subdivision 1 of section 240 imposes an obligation upon " A person employing or directing another to perform labor " to furnish scaffolding which shall give proper protection to the person " so employed or directed." As the general contractor, Johnson is in no sense an employer of plaintiff (*Sweezey* v. *Arc Elec. Constr. Co.*, 295 N. Y. 306, 310, 311). Nor did Johnson direct the plaintiff to get on the scaffold, assuming the right of Johnson so to direct (cf. *Clark* v. *Monarch Eng. Co.*, 248 N. Y. 107, 109). Plaintiff testified that it was the foreman of La Sala who had directed him to get on the scaffold and do his work. If Johnson had " directed " the plaintiff to the defective scaffold it would be independently liable (*Westchester Lighting Co.* v. *Westchester Co. Small Estates Corp.*, 278 N. Y. 175, 180; *Broderick* v. *Cauldwell-Wingate Co.*, 301 N. Y. 182, 187, 188; 281 App. Div. 904, affd. 305 N. Y. 872) and thereby guilty of a violation of a statutory duty. Where, for example, a person engaged in construction work is struck by a falling object the general contractor cannot recover over as against the initial wrongdoer,

if its failure to plank over or fence off and thus arrest the object, in accordance with subdivisions 4 and 5 of section 241 of the Labor Law was a concurrent cause (*Employers' Liability Assur. Corp.* v. *Post & McCord,* 286 N. Y. 254; *Walters* v. *Rao Elec. Equipment Co.,* 289 N. Y. 57; *Semanchuck* v. *Fifth Ave. & 37th St. Corp.,* 290 N. Y. 412, 422). Such violation of statutory duty arising under the Labor Law in construction and demolition work (*Semanchuck* v. *Fifth Ave. & 37th St. Corp., supra,* p. 422) would preclude recovery over against the appellant (cf. *Wischnie* v. *Dorsch,* 296 N. Y. 257; *Koenig* v. *Patrick Constr. Corp.,* 298 N. Y. 313).

Nor did the scaffold constitute a place to work within the meaning of section 200 of the Labor Law. The general contractor owes to employees of a subcontractor only the duty of making safe by reasonable care the places of work provided for by him and the ways and approaches, as distinguished from apparatus and machinery supplied by the subcontractor-employer (*Iacono* v. *Frank & Frank Contr. Co.,* 259 N. Y. 377, 381, 382; *Caspersen* v. *La Sala Bros.,* 253 N. Y. 491, 494; *Kowalsky* v. *Conreco Co.,* 264 N. Y. 125, 128; *Glass* v. *Gens-Jarboe, Inc.,* 280 App. Div. 378, affd. 306 N. Y. 786; *Kenny* v. *Doral Constr. Corp.,* 283 App. Div. 739).

At common law the relationship between a general contractor and an employee of a subcontractor must be distinguished from other relationships and particularly that between the owner or general contractor on the one hand and a member of the public while on the sidewalk or on private property, on the other (*Rosenberg* v. *Schwartz,* 260 N. Y. 162, 166). Concern for the safety of those on a public highway (*Rohlfs* v. *Weil,* 271 N. Y. 444; *Appel* v. *Muller,* 262 N. Y. 278) has resulted in the doctrine that negligent injury visited upon a pedestrian during the course of construction serves to render the passive owner or general contractor liable for breach of a nondelegable duty, but with the right to recover over as against his contractor (*Scott* v. *Curtis,* 195 N. Y. 424; *Phœnix Bridge Co.* v. *Creem,* 102 App. Div. 354, affd. 185 N. Y. 580; *Schwartz* v. *Merola Bros. Constr. Corp.,* 290 N. Y. 145, 155; *Tipaldi* v. *Riverside Memorial Chapel,* 273 App. Div. 414, affd. 298 N. Y. 686). This accident to an employee of a subcontractor is not within the province of such authority.

A general contractor is not obliged to protect employees of his subcontractors against the negligence of their employers (*Broderick* v. *Cauldwell-Wingate Co.,* 301 N. Y. 182, 187, *supra*). A general contractor has no duty to inspect machinery and tools furnished by a subcontractor to the latter's employees, nor has

the general contractor any duty to repair a defective appliance of a subcontractor (*Iacono* v. *Frank & Frank Contr. Co.*, 259 N. Y. 377, 381, *supra*).

Knowledge of the scaffold's defects imputable to Johnson is insufficient to render Johnson liable to the employee of La Sala. The authority of *Adler* v. *Long Island R. R. Co.* (297 N. Y. 542) is not to the contrary. In the *Adler* case there was evidence of a measure of control by the contractor over the defective boom. If the *Adler* case can be regarded, however, as holding the contractor liable because of knowledge of the defect, *the denial of recovery over as against the subcontractor* in the subsequent *Adler* case (*Adler* v. *Tully & Di Napoli*, 300 N. Y. 662) is authority for the dismissal of the third-party complaint here under review.

Inasmuch as there is no liability on the part of Johnson, there is no breach by La Sala of an independent obligation to Johnson. So, too, the indemnity agreement is inoperative because La Sala did not cause Johnson to be accountable to plaintiff. La Sala alone was negligent and plaintiff's sole and exclusive remedy is that afforded by workmen's compensation (Workmen's Compensation Law, §§ 10, 11).

The judgment should be modified on the law by striking therefrom the second decretal paragraph and by substituting in place thereof a provision that the third-party complaint be dismissed, with costs. As so modified, the judgment should be affirmed, with costs to appellant payable by respondent Johnson. The findings of fact should be affirmed.

The appeal from the " order or decision " should be dismissed, without costs. No appeal lies from a decision. No such order is printed in the record.

Present — NOLAN, P. J., WENZEL, MACCRATE, SCHMIDT and MURPHY, JJ.

Judgment modified on the law by striking therefrom the second decretal paragraph and by substituting in place thereof a provision that the third-party complaint be dismissed, with costs. As so modified, the judgment is unanimously affirmed, with costs to appellant payable by respondent Johnson. The findings of fact are affirmed.

The appeal from the " order or decision " is dismissed, without costs. No appeal lies from a decision. No such order is printed in the record.