CHARLES KLUTTZ, Appellant, v. SIDNEY CITRON, Respondent.— Action under section 240 of the Labor Law to recover damages for personal injuries sustained when plaintiff fell from a defective ladder allegedly furnished by

defendant. Plaintiff appeals from a judgment in favor of defendant, entered upon the verdict of a jury. Judgment reversed and new trial granted, with costs to abide the event. The plaintiff herein contracted to paint defendant's house. Although an independent contractor, plaintiff personally performed the work with ladders furnished by the defendant. One of the ladders, being defective, broke, causing the injuries complained of. The word "employing" in the statute is used in the broad sense and does not exclusively connote the formal relationship of "employer and employee" (*Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313, 316–317; *Lester* v. *Graham*, 157 App. Div. 651; *Nasca* v. *St. Mary's R. C. Church Soc. of Dunkirk*, 248 App. Div. 944), nor does the word "directing" therein imply a superintendence or supervision of the work done. Accordingly, it was error for the court to charge the jury that plaintiff could not recover unless defendant "supervised" or "superintended" him in the performance of his work. Wenzel, Beldock, Murphy and Ughetta, JJ., concur. Nolan, P. J., dissents and votes to affirm, with the following memorandum: Plaintiff's sole claim, with respect to the liability of the defendant, was that he had violated section 240 of the Labor Law, in that he had furnished to plaintiff, an independent painting contractor, a defective ladder. The statute invoked imposes liability only on a person employing or directing another to perform labor, in connection with specified types of work. Defendant was not the employer of the plaintiff, within the meaning of the statute, and could be held liable only if he directed the plaintiff in the performance of the work. (Cf. *Sweeney* v. *Spring Prods. Corp.*, 257 App. Div. 104, affd. 282 N. Y. 685; *Gambella* v. *Johnson & Sons*, 285 App. Div. 580, 581; *Manguso* v. *Thirty-Third Equities*, 286 App. Div. 70, and *Iacono* v. *Frank & Frank Contr. Co.*, 259 N. Y. 377, 382.) In construing the statute, the learned trial court charged that plaintiff, in order to recover, was required to prove that defendant directed him " to perform labor of any kind ", that the word " ' direct ' " " means to supervise the work," and that if the jury did not arrive at the conclusion that defendant supervised or superintended the work, the verdict should be for the defendant. If it be assumed that this charge was erroneous, there was, nevertheless, no exception thereto, nor was the attention of the trial court called to the error now asserted, by any proper request to charge. Such being the case, plaintiff is in no position, on this appeal, to press the argument now presented. (*McCabe* v. *Cohen*, 268 App. Div. 1064, affd. 294 N. Y. 522; *Buckin* v. *Long Island R. R. Co.*, 286 N. Y. 146, 149; *Leonard* v. *Home Owners' Loan Corp.*, 297 N. Y. 103, 104–105.) [See *post*, p. 953.]