LOUISE L. OVERTON, as Administratrix of the Estate of LESTER OVERTON, Deceased, Appellant, *v.* ADAM J. GERARD, Individually and as Executor of ELLA C. GERARD, Deceased, Respondent.

Third Department, November 9, 1956.

*Henderson G. Riggs* for appellant.

*A. William de Filippo* and *Thomas J. Flynn* for respondent.

Coon, J. This action was originally brought against Adam J. Gerard and Ella C. Gerard to recover damages for the death of Lester Overton. Ella C. Gerard has since died and her executor has been substituted as defendant. The complaint alleges, in substance, that Overton, plaintiff's intestate, agreed to paint a house owned or controlled by the defendants, on an hourly basis, and that while so engaged Overton fell "from the roof and ladder" and suffered injuries resulting in his death. It is alleged that decedent's death was caused by the negligent failure

of defendants to provide the decedent a safe and proper place to work and to furnish proper equipment, in violation of section 240 of the Labor Law, and " by the defendants permitting, suffering and allowing the said premises to be painted without providing the means to properly perform such work in a safe manner."

The answer alleges that Overton was an independent contractor, furnishing his own equipment, and doing the entire job for a fixed lump sum.

Before reaching what we regard as appellant's principal contention on this appeal the issues may be somewhat narrowed. It is now conceded in appellant's brief that Adam J. Gerard was not an owner of the premises, and that his legal relationship with Overton presents a question of fact which must be reserved for determination upon trial, so that only the affirmative defenses contained in the answer of Ella C. Gerard need be considered on the question of the legal sufficiency of the defenses.

Paragraph 8 of each answer alleges that the plaintiff has filed a claim for workmen's compensation benefits for the death of Overton, and had thereby elected her remedy. It appears to be conceded that a claim for workmen's compensation is pending, and that if such compensation has not been received by the time this action is reached for trial such affirmative defense should be stricken, and we agree with the lower court's decision to permit such defense to stand until that time.

Paragraph 13 of the answers sets up the affirmative defense of the Statute of Limitations, sought to be stricken as sham. The lower court declined to strike this defense, stating: " factual questions are raised which cannot be resolved as a matter of law." The accident happened on July 31, 1951. (The date of death does not appear in the pleadings.) The affidavit of the then chief deputy sheriff of Chemung County states that a record in the sheriff's office shows that two copies of the summons were delivered to the sheriff on July 30, 1953, and that the record shows that the summons was personally served on the defendant Ella C. Gerard by another deputy sheriff on August 29, 1953. Appellant contends that placing the summons in the hands of the sheriff within the statutory time, followed by personal service within 60 days, in compliance with section 17 of the Civil Practice Act, makes the Statute of Limitations unavailable as a defense. No affidavits were filed in opposition. However, it was stated upon the oral argument before us, and presumably upon the oral argument before the lower court, that the defendants challenge the assertion that Ella C. Gerard was

personally served within the State on August 29, 1953. In view of the fact that no direct affidavit of service by the deputy sheriff alleged to have made the service was presented, the Special Term was not bound to accept the indirect proof as conclusive, and we are not disposed to interfere with the discretion of the lower court in refusing to strike this defense.

Coming to the principal question, the gist of the four affirmative defenses set up by Ella C. Gerard which plaintiff seeks to strike as insufficient in law, is that Ella C. Gerard was not subject to the provisions of section 240 of the Labor Law. The four defenses are summarized in appellant's brief as follows:

" Paragraph 9 alleges that defendants were not persons employing or directing others within the meaning of *Section 240 of the Labor Law,* and, hence, that the statute is inapplicable to them.

" Paragraph 10 alleges that decedent was an independent contractor and that defendants did not direct his work.

" Paragraph 11 alleges that by the terms of a ' contract ' of employment between the parties, decedent assumed the risk and agreed to indemnify defendants against any and all damages resulting from negligence.

" Paragraph 12 sets forth the ' contract ' of employment between the parties and alleges that decedent assumed the risk."

Section 240 of the Labor Law provides: " § 240. Scaffolding and other devices for use of employees. 1. A person employing or directing another to perform labor of any kind in the erecting, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangars, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed or directed."

To become subject to the absolute liability imposed for a violation of this section one must be " A person employing or directing another to perform labor ". A defense that the defendant was not such a person and did not " employ or direct another ", within the meaning of section 240, would defeat any recovery in an action based solely upon a violation of that section. While it is quite probable that such a defense would be available under the denial of the material allegations of the complaint contained in the answer, we do not think a defendant should be precluded from asserting such a defense affirmatively as an added precaution. If such a defense, once alleged affirma-

tively, is stricken, particularly by an appellate court, it might be misleading to the trial court in determining the issues raised by the denial.

It is well established that section 240 is not applicable to an owner for injuries to or the death of a workman employed by a general contractor with whom the owner contracted for the work to be done. (*Iacono* v. *Frank & Frank Contr. Co.*, 259 N. Y. 377; *Sweeney* v. *Spring Products Corp.*, 257 App. Div. 104, affd. 282 N. Y. 685.)

Appellants point out that in all of such cases there was a general contractor intervening between the owner and the injured or deceased workman. The principal contention of appellant, as we see it, is that the fact that the injured or deceased workman was an independent contractor is immaterial and is insufficient as a defense by an owner where there is no intervening general contractor. Or, in other words, that an owner who directly engages that work be done by one who is injured or killed is subject to the provisions of section 240, though the injured or deceased workman is concededly an independent contractor and not an employee in the usual sense of the word. Appellant gains some comfort from dictum in some of the cases. " Of course, if defendant did actually direct the work, it is of no moment — we simply note in passing — that plaintiff happened to be an independent contractor rather than an ordinary employee." (*Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313, 316–317.) " This section has been construed by many decisions of the higher courts of this State to place the duty of furnishing these devices on the immediate employers of the labor, and this would mean the subcontractor when he is in charge of performance. It would not mean an owner or general contractor, unless such person was actually doing the work himself without the intervention of a subcontractor." (*Komar* v. *Dun & Bradstreet Co.*, 284 App. Div. 538, 541. See, also, *Nasca* v. *St. Mary's R. C. Church Soc.*, 248 App. Div. 944.) None of the cases is decisive of the question, however, as all turned upon other points, and appellant concedes in her brief that " the precise situation presented on this appeal has never been the subject of a reported judicial determination in this state."

The liability or nonliability of an owner under section 240 cannot be determined solely upon any label or characterization such as " independent contractor ", "workman ", or " employee ", and will not, in every case, depend exclusively upon the terms of a written contract.

It may be that the naked fact that a person doing work upon an owner's property is an independent contractor will not relieve an owner from the provisions of section 240. It does not follow, however, that an independent contractor, operating under direct contract with the owner, always comes within the provisions of section 240, without regard to surrounding circumstances relating to the nature of the engagement, the manner of performing the work, and the accident itself.

The complaint in the instant case does not tell us the details of the accident, who furnished the equipment, if any, the nature of defects or inadequacy in equipment, if any, or the nature of the direction of the work, if any. The ultimate question will be whether the owner is a person who " employs or directs " within the intent and meaning of section 240, and we think that that question must be determined upon the facts in each particular case. No rule can or should be laid down upon pleadings alone which subject an owner to the provisions of section 240 as to anyone whom he directly engages in any form of relationship to accomplish some work to be done upon his property. It cannot be said as a matter of law that the defenses are insufficient. The determination must await the proof.

Appellant also objects to other allegations in the affirmative defenses which would not constitute a defense if liability is claimed solely by virtue of section 240. The broad allegations of the complaint are not so limited, and, since the nature of the relationship between decedent and the defendants is in dispute, the availability of such defenses must await the trial.

The order should be affirmed, without costs.

Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.

Order affirmed, without costs.