Desmond, J.
One of the floors of a building under construction collapsed and injured the 13 plaintiffs who were employees of third-party defendant R. E. Garrick Company, the cement and concrete work subcontractor on the job. The injured workmen sued 981 Madison Avenue Corp., owner and general contractor, and City Construction Co., which was the owner’s agent engaged not to do any of the construction work but to supervise the whole enterprise for the owner. Plaintiffs’ theory of action against the owner and agent was that they had violated their statutory duty (Labor Law, § 200) to furnish subcontractor Garrick’s men with a safe place to work. The owner and agent then impleaded subcontractor "Garrick as third-party defendant, alleging that Garrick had been the primary wrongdoer.
At the trial the owner and agent admitted their liability to plaintiffs but "were successful in obtaining from the trial court judgment over against subcontractor Garrick. The Appellate Division, however, struck down that judgment against "Garrick, holding that no liability of owner-agent to plaintiffs had been established and that, accordingly, there was no basis for judgment over in favor of owner and agent against subcontractor. The “ place ” of this accident was, said the Appellate Division, part of Garrick’s “ work in progress ” and “ solely within the control of the third-party defendant ”. We agree. There is in this record no evidence of any failure by the OAvner and agent to furnish a safe place to work, within the meaning of section 200 and the common law on the subject of an OAvner’s liability to the employees of an independent contractor engaged by the owner. The admission by the agent and OAvner of liability to plaintiffs did not bind the impleaded defendant Garrick and could not be decisive of the cross suit against Garrick.
Our sole inquiry, therefore, is as to whether plaintiffs proved that the owner and its agent failed to provide Garrick’s men Avith a safe place to work. We find no such proof. The casualty occurred when some vertical Avooden shoring shifted laterally and buckled, causing the collapse of the floor above, on which plaintiffs were pouring concrete. The uncontradicted testimony and the trial court finding was that all this had resulted from the negligent removal, a few days before, by some of subcontractor Garrick’s employees, of a wooden form encasing a horizontal beam, against which form had been braced the hori *56 zontal shoring or planking which later buckled. All this was part of Garrick’s subcontract, all persons involved were Garrick’s employees and the planking, forms, etc., were parts of Garrick’s equipment and plant on the job. The owner and agent are, therefore, immune from liability under settled rules. The leading ease is Iacono v. Frank & Frank Contr. Co. (259 N. Y. 377) which holds (p. 381) that the owner’s obligation to furnish to a contractor’s employees a safe place to work does not make the owner responsible to those employees for the sufficiency of the contractor’s own plant, tools and methods. Citing Iacono (supra), we said in Broderick v. Cauldwell-Wingate Co. (301 N. Y. 182, 187): “ Nor is the general contractor obliged to protect employees of his subcontractors against the negligence of his employer or that of a fellow servant ’ ’. In the well-known case of Wohlfron v. Brooklyn Edison Co. (238 App. Div. 463, 466, affd. 263 N. Y. 547) it is said that the obligation of the owner or general contractor to furnish a safe place to work ‘ ‘ is clearly distinguishable from that arising through negligent acts of a subcontractor occurring as a detail of the work ”. Hess v. Bernheimer & Schwartz Brewing Co. (219 N. Y. 415, 418) similarly makes it clear that the “ place ” which under section 200 of the Labor Law the owner (or general contractor) must make and keep safe does not include the subcontractor’s own “plant” and equipment or the very work he is doing. The statute does not put on the owner (or general contractor) a fresh obligation to supervise, in the interest of employees of the subcontractor, the latter’s operation of its own plan through its own employees.
The trial court made findings that the owner and agent had been causatively negligent in that the agent’s supervisory personnel on the job had done nothing about the “discoverable condition upon reasonable inspection” which had caused the disaster. The Appellate Division on its analysis of the relationship of the parties and their respective duties thought it unnecessary to pass on the correctness of that irrelevant finding. We agree. Cases like Henry v. Hudson & Manhattan R. R. Co. (201 N. Y. 140) are not in point since they enforced the liability of an owner to his own direct employees in the days before our Workmen’s Compensation Law came into effect.
The judgment should be affirmed, with costs.