■ LOUISE DE LEON, as Successor Committee of the Person and Property of LOUIS KUHN, Respondent-Appellant, v. CORBETTA CONSTRUCTION COMPANY, INC., et al., Appellants, and SIMON HOLLAND & SONS, INC., Respondent, et el., Defendant.— Action under section 240 of the Labor Law to recover damages for personal injuries. The action is by a committee to recover on behalf of Louis Kuhn, the injured person. A building was under construction. Kuhn walked upon two planks which were spanning the space between a floor and a foundation wall. The planks broke, Kuhn fell and was injured. He was employed as construction superintendent by the general contractor on the job. After trial a verdict was recovered in favor of plaintiff against two subcontractors on the job, being respectively appellant Corbetta Construction Company, Inc. (concrete work) and appellant Weingrad, doing business as Atlas Erectors Company (steel work). As pleaded, tried, and submitted to the jury, the action is one solely to recover for furnishing or erecting defective planks in violation of section 240 of the Labor Law, and a recovery under the rules of common-law negligence actions was expressly excluded. Judgement insofar as it is in favor of Simon Holland & Sons, Inc., against plaintiff affirmed, without costs. Judgment, insofar as it is in favor of plaintiff against Corbetta Construction Company, Inc., and Nathan L. Weingrad doing busines under the name and style of Atlas Erectors Company, reversed on the law, with costs, and amended and supplemental complaint dismissed. The implied findings of fact are affirmed, except an implied finding that Louis Kuhn was "employed or directed in the performance of labor" by appellants and an implied finding that "either or both" appellants erected the planks; these last two findings are not approved. Kuhn was construction superintendent employed by the general contractor. As a result of a complaint by the concrete subcontractor that its work was being delayed by lack of progress by the steel subcontractor, Kuhn approached the portion of the job where both said subcontractors were engaged. He stepped on the aforesaid planks. There is no evidence that Kuhn was employed or directed in the performance of labor, as provided by section 240 of the Labor Law, and no

recovery for his personal injuries may be had under that section from appellant subcontractors. Such words of the statute are to be read literally. (*Kluttz* v. *Citron*, 2 N Y 2d 379, 383; *Sweeney* v. *Spring Prods. Corp.*, 257 App. Div. 104, affd. 282 N. Y. 685; *Bellask* v. *Coronation Homes*, 5 A D 2d 873.) There is no direct evidence as to who erected the planks in position, and no proper inference can be drawn that they were erected by "either or both" appellants. The action not being one under common-law rules of negligence and contributory negligence, it was error to instruct the jury that appellants were chargeable with reasonable care in respect of anticipating use of the planks by persons not described in section 240. Wenzel, Acting P. J., Murphy, Ughetta and Kleinfield, JJ., concur; Beldock, J., concurs in the result.