■ ROBERT MACEDA, Respondent, v. ELLIS CHINGOS CONSTRUCTION CORP., Appellant, et al., Defendants.— In an action by an employee of a subcontractor on a building under construction, to recover damages for personal injuries sustained when he fell from a ladder which slipped or shifted, the defendant Ellis Chingos Construction Corp. appeals from a judgment of the Supreme Court, Kings County, entered March 21, 1960, on a verdict of $18,500 in favor of plaintiff against it, after a jury trial. Judgment reversed on the law, with costs, and complaint dismissed. No questions of fact were considered. The record does not disclose who owned or furnished the movable, makeshift ladder here involved. The proof adduced does not support a finding that said defendant, the Chingos Corporation, which was one of several prime contractors on the job, was the general contractor chargeable with the duty of providing a reasonably safe ladder as a common passageway. The ladder, which had been on the premises for a period of two days prior to the happening of the accident, may have been supplied by plaintiff's employer, in which event said defendant would

not be liable (*Zucchelli* v. *City Constr. Co.*, 4 N Y 2d 52; *Iacono* v. *Frank & Frank Contr. Co.*, 259 N. Y. 377). Upon this state of the record, plaintiff's reliance on our decision in *Tiller* v. *Tishman Co.* (3 A D 2d 769), is misplaced. There, the record on appeal discloses that a stationary ladder, which was the only means of access to the roof, had been used for several weeks by employees of identified subcontractors of the defendant which was operating under a contract for the "general construction" of the building. In that factual situation the defendant there could be regarded as a general contractor with respect to the injured plaintiff. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur. [22 Misc 2d 269.]