MARIETTA RICH, as Administratrix of the Estate of ODA RICH, Deceased, Respondent, *v.* COUNTY OF DUTCHESS, Appellant.

Second Department, March 16, 1964.

*Spitz & Levine (James R. Brown, Jr.,* of counsel), for appellant.

*Speiser, Shumate, Geoghan & Law (William L. Shumate* of counsel), for respondent.

KLEINFELD, Acting P. J. The issue on this appeal is whether, under section 202 of the Labor Law, the owner of a building may be held responsible for an accident to a window cleaner, caused solely by a defective safety belt which had been furnished to the cleaner by his employer.

Plaintiff's decedent, a window washer employed by an independent contractor, fell from a fourth-floor window of the defendant county's building. Defendant contends, and plaintiff does not controvert, that the sole cause of the fall was the breaking of the safety belt worn by the decedent. It is not disputed that the safety belt was furnished to the decedent by his employer and that the belt belonged to the employer. Nor is it claimed that defendant had any notice of a defect in the belt, assuming that the belt was defective.

It is charged that defendant was negligent in permitting decedent to be supplied with a defective safety belt; in failing to ascertain the condition of the belt; and in failing to warn decedent of its defective condition. There is no claim of defect in the anchors or other equipment furnished or maintained by the defendant.

Plaintiff contends that section 202 of the Labor Law imposed upon defendant a nondelegable duty to make reasonable inspection of the belt, and to ascertain that decedent was equipped with a fit safety belt, regardless of whether defendant furnished the belt or was under any obligation to furnish it.

The statute imposes no such duty. It provides that a building owner's duty is to "install and maintain anchors * * * or provide other safe means for the cleaning of the windows". There is no requirement that the owner inspect equipment furnished by a window cleaner's employer. Inspection of the employer's equipment is a duty which is legally imposed only upon the employer himself. The statute (Labor Law, § 202) provides that "Every employer or contractor shall require his employee, while engaged in cleaning any window of a public building, to use the equipment and safety devices required by this chapter and rules of the board of standards and appeals." Subdivision (d) of section 21.6 of title 12 of the Official Compilation of Codes, Rules and Regulations of the State of New York, promulgated pursuant to the statutory authorization (Labor Law, § 202), provides that "The cleaner shall be provided with an approved safety belt." Subdivision (g) of section 21.3 of such title contains the following: "*Employer's Inspection of Equipment.* Safety belts, ladders and scaffolds and boatswain's chairs with their supporting tackle, shall be examined at least once each month by the employer and he shall not suffer or permit the use of such equipment while it is unsafe in any respect."

An owner, who properly installs and maintains anchors or other safety devices for cleaning windows, fulfills his statutory obligation; he is under no duty to examine the equipment of an independent contractor (cf. *Iacono* v. *Frank & Frank Contr. Co.,* 259 N. Y. 377). Therefore, an owner may not be held responsible for defects in such independent contractor's equipment, of which defects he has no actual notice.

Insofar as the contrary has been held in *McManus* v. *Board of Educ.* (106 N. Y. S. 2d 51) and in *Burris* v. *American Chicle Co.* (120 F. 2d 218), this court declines to follow those cases.

The record presents no issue of fact, nor any ground for imposition of liability upon the defendant.

The order should be reversed on the law, without costs, and the defendant's motion for summary judgment granted.

CHRIST, HILL, RABIN and HOPKINS, JJ., concur.

Order unanimously reversed on the law, without costs, and the defendant's motion for summary judgment granted, without costs.