■ VINCENT GUERRA, Appellant, v. MARY GINEVRA et al., Respondents.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: In granting a nonsuit at the close of the plaintiff's case the trial court determined as a matter of law that plaintiff was guilty of contributory negligence holding that the evidence presented by him established knowledge on his part of the specific defect claimed to have caused his injury. Plaintiff rented from defendant a one-story single family dwelling with a cellar and attic, the only entranceway to the cellar being the alleged defective stairway on which the fall occurred. A reasonable use of the cellar in conjunction with the entire premises necessitated the use of the stairway as the only means of ingress and egress. If plaintiff had a reasonable and cautious alternative it lay in repairing the loose steps on his own initiative. Whether it could be reasonably required of him to repair the defective stairway over which it would appear defendant had retained a measure of occupation and control would entail a showing as to how extensive a repair or reconstruction job was necessary to correct the defective steps so as to put them in reasonably safe condition. (See *Kaplan* v. *48th Ave. Corp.*, 267 App. Div. 272.) Given the present state of the record it cannot be

said as a matter of law that plaintiff had a reasonably cautious alternative to the use of the stairs in their defective condition, and that plaintiff was guilty of contributory negligence; (see *Cesario* v. *Chiapparine*, 21 A D 2d 272; *Noziglia* v. *Tobiassen*, 26 A D 2d 915). All concur, except Goldman and Henry, JJ., who dissent and vote to affirm the judgment. (Appeal from judgment of Monroe Trial Term, and a jury, dismissing the complaint on the merits in a negligence action.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.